## SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE *v.* COMMONWEALTH OF VIRGINIA.

No. 20. Argued October 24, 1929.—Decided November 25, 1929.

*Mr. Littleton M. Wickham,* with whom *Messrs. J. Jordan Leake, A. S. Buford, Jr., Wm. P. Constable,* and *Joseph M. Hurt, Jr.,* were on the brief, for appellant.

*Mr. Henry R. Miller, Jr.*, with whom *Mr. W. W. Martin* was on the brief, for appellee.

88

*Mr. Russell L. Bradford,* as *amicus curiae,* filed a brief on behalf of The City Bank Farmers Trust Company, of New York, as Trustee, by special leave of court.

Opinion of the Court by MR. JUSTICE McREYNOLDS, announced by the CHIEF JUSTICE.

This cause is properly here upon appeal. ·The petition for certiorari is therefore denied.

May 4th, 1920, Lucius J. Kellam, then domiciled and residing in Accomac County, Virginia, transferred and delivered to the Safe Deposit and Trust Company of Baltimore, Maryland, stocks and bonds of sundry corporations valued at fifty thousand dollars, with power to change the investments, upon the following terms— " . . . to collect the income arising therefrom and after paying such taxes as may be chargeable thereon and its 5% commissions on the gross income, to accumulate the net income for the benefit of the two sons of myself, that is to say, Lucius J. Kellam, Jr., who attained the age of eight years on September 25, 1919, and Emerson Polk Kellam, who attained the age of five years on February 5, 1920, and when the said Lucius J. Kellam, Jr., arrives at twenty-five years of age, to deliver to him one-half of the principal of the estate hereby conveyed and one-half of the said accumulations of income—the other half of the

said principal and accumulations of income shall be retained by said Trustee and all income therefrom shall continue to be accumulated until the said Emerson Polk Kellam arrives at twenty-five years of age when he shall become entitled to the said one-half of the principal and accumulations so retained together with all further accumulations thereon. If either of said two sons shall die before receiving his share of said principal and accumulations, then the same shall be paid over and delivered to his children living at his death; and if either shall die before receiving his share without issue, then such share shall be added to the share of the survivor and be held for his use and benefit in the same manner precisely as his original share is held."

The deed made no provision for the event of death of both sons under twenty-five without issue. The donor reserved to himself power of revocation, but without exercising it, died in 1920. Administration on his estate was had in Accomac County, Virginia, and his two sons are domiciled there.

Except as changed by reinvestment, the Trust Company has continued to hold the original securities in Baltimore, Maryland, and has paid the taxes regularly demanded by that City and State on account of them.

An assessment for taxation in Accomac County, Virginia, for the years 1921, 1922, 1923, 1924 and 1925 upon the whole corpus of the trust estate was sustained by the court below—the highest State tribunal to which the matter could be submitted. It declared Sec. 2307, Virginia Code (1919), as amended in 1920, 1922 and 1923*,

---

*Sec. 2307, Va. Code 1919 (as amended). *By whom property is to be listed; to whom taxed.*—If property be owned by a person sui juris, it shall be listed by and taxed to him. If property be owned by a minor, it shall be listed by and taxed to his guardian or trustee, if any he has; if he has no guardian or trustee it shall be listed by and taxed to his father, if any he has; if he has no father,

applicable, adequate to support the demand and not in conflict with the Fourteenth Amendment.

Appellant maintains that, so interpreted and applied, the statute lays a tax upon property wholly beyond the jurisdiction of the State and consequently offends the Fourteenth Amendment.

Manifestly, the securities are subject to taxation in Maryland where they are in the actual possession of the Trust Company—holder of the legal title. That they are property within Maryland is not questioned. *De Ganay* v. *Lederer*, 250 U. S. 376, 382. Also, nobody within Virginia has present right to their control or possession, or to receive income therefrom, or to cause them to be brought physically within her borders. They have no legal situs for taxation in Virginia unless the legal fiction *mobilia sequuntur personam* is applicable and controlling. The court below, recognizing this, held the two sons, in conjunction with the administrator of the father's estate—all domiciled in Virginia—really owned the fund

---

then it shall be listed by and taxed to his mother, if any he has; and if he has no guardian, nor trustee, father nor mother, it shall be listed by and taxed to the person in possession. If the property is the separate property of a person over twenty-one years of age or a married woman, it shall be listed by and taxed to the trustee, if any they have in this State; and if they have no trustee in this State, it shall be listed by and taxed to themselves. In either case, it shall be listed and taxed in the county or city where they reside; but if they be non-residents of Virginia, the property shall be listed and taxed in the county or city wherein such trustee resides. If the property be the estate of a deceased person, it shall be listed by the personal representative or person in possession, and taxed to the estate of such deceased person. If the property be owned by an idiot or lunatic, it shall be listed by and taxed to his committee, if any; if none has been appointed, then such property shall be listed by and taxed to the person in possession. If the property is held in trust for the benefit of another, it shall be listed by and taxed to the trustee in the county or city of his residence (except as hereinbefore provided).

and that by reason of the fiction its taxable situs followed them.

We need not make any nice inquiry concerning the ultimate or equitable ownership of the securities or the exact nature of the interest held by the sons. In the disclosed circumstances, we think that is not a matter of controlling importance.

Ordinarily this Court recognizes that the fiction of *mobilia sequuntur personam* may be applied in order to determine the situs of intangible personal property for taxation. *Blodgett* v. *Silberman,* 277 U. S. 1. But the general rule must yield to established fact of legal ownership, actual presence and control elsewhere, and ought not to be applied if so to do would result in inescapable and patent injustice, whether through double taxation or otherwise. *State Board of Assessors* v. *Comptoir National d'Escompte,* 191 U. S. 388, 404; *Buck* v. *Beach,* 206 U. S. 392, 408. *Liverpool & L. & G. Ins. Co.* v. *Orleans Assessors,* 221 U. S. 346, 354; *Maguire* v. *Trefry,* 253 U. S. 12, 17. Here, where the possessor of the legal title holds the securities in Maryland, thus giving them a permanent situs for lawful taxation there, and no person in Virginia has present right to their enjoyment or power to remove them, the fiction must be disregarded. It plainly conflicts with fact; the securities did not and could not follow any person domiciled in Virginia. Their actual situs is in Maryland and can not be changed by the *cestuis que trustent.*

The power of Virginia to lay a tax upon the fair value of any interest in the securities actually owned by one of her resident citizens is not now presented for consideration. See *Maguire* v. *Trefry, supra.*

A statute of a State which undertakes to tax things wholly beyond her jurisdiction or control conflicts with the Fourteenth Amendment. *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, 204; *Buck* v. *Beach,* 206

U. S. 392, 402, 408, 409; *Frick* v. *Pennsylvania*, 268 U. S. 473; *Wachovia Bank & Trust Co.* v. *Doughton*, 272 U. S. 567, 575.

Tangible personal property permanently located beyond the owner's domicile may not be taxed at the latter place. *Union Refrig. Transit Co.* v. *Kentucky, supra; Frick* v. *Pennsylvania, supra.* Intangible personal property may acquire a taxable situs where permanently located, employed and protected. *New Orleans* v. *Stempel,* 175 U. S. 309; *Bristol* v. *Washington County,* 177 U. S. 133; *State Board of Assessors* v. *Comptoir National d'Escompte,* 191 U. S. 388; *Metropolitan Life Ins. Co.* v. *New Orleans,* 205 U. S. 395; *Liverpool & L. & G. Ins. Co.* v. *Orleans Assessors,* 221 U. S. 346.

Here we must decide whether intangibles—stocks, bonds—in the hands of the holder of the legal title with definite taxable situs at its residence, not subject to change by the equitable owner, may be taxed at the latter's domicile in another State. We think not. The reasons which led this Court in *Union Refrig. Transit Co.* v. *Kentucky,* 199 U. S. 194, and *Frick* v. *Pennsylvania,* 268 U. S. 473, to deny application of the maxim *mobilia sequuntur personam* to tangibles apply to the intangibles in appellant's possession. They have acquired a situs separate from that of the beneficial owners. The adoption of a contrary rule would " involve possibilities of an extremely serious character " by permitting double taxation, both unjust and oppressive. And the fiction of *mobilia sequuntur personam* " was intended for convenience, and not to be controlling where justice does not demand it."

No opinion of this Court seems definitely to rule the exact point now presented. *Blackstone* v. *Miller,* 188 U. S. 189, sustained an assessment of tax by New York upon the transfer of credits, declared to have taxable situs within her borders, under the will of a citizen of Illinois.

In *Wheeler* v. *Sohmer,* 233 U. S. 434, the tax was not laid at the owner's domicile, but by the State wherein the securities were deposited. *Bullen* v. *Wisconsin,* 240 U. S. 625, involved an inheritance tax; the creator of the trust resided in Wisconsin at his death and an Illinois Company with legal title then held possession of the property in Chicago; but the creator had retained full power to revoke the trust and regain control. *Fidelity & Columbia Tr. Co.* v. *Louisville,* 245 U. S. 54, sustained a tax laid at the domicile of the legal owner. He had full power to control the deposits in St. Louis banks and might have brought the entire fund within Kentucky's jurisdiction. In *Blodgett* v. *Silberman,* 277 U. S. 1, the decedent—a resident of Connecticut—had control and present right to all benefits arising from the property. The legal title was not held by another with the duty to retain possession, as in the present cause. Moreover, this Court did not there determine that the property had a taxable situs in New York.

Any general statement in the above opinions which may seem to interfere with the conclusion here announced must be limited and confined to the precise situation then under consideration.

It would be unfortunate, perhaps amazing, if a legal fiction originally invented to prevent personalty from escaping just taxation, should compel us to accept the irrational view that the same securities were within two States at the same instant and because of this to uphold a double and oppressive assessment.

The judgment of the court below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

Concurring opinion of MR. JUSTICE STONE.

I concur in the result. It is enough to support it that, as stipulated in the record, the Virginia assessment was levied against a trustee domiciled in Maryland upon securities held by it in trust in its exclusive possession and control there, and so is forbidden as an attempt to tax property without the jurisdiction. *Brooke* v. *Norfolk,* 277 U. S. 27. But the question whether the Fourteenth Amendment forbids a tax on the beneficiaries, in Virginia, where they are domiciled, measured by their equitable interests, seems to me not to be presented by the record and so, under the settled rule of decision of this Court, ought not now to be decided. *Burton* v. *United States,* 196 U. S. 283, 296; *Blair* v. *United States,* 250 U. S. 273, 279; *Flint* v. *Stone Tracy Co.,* 220 U. S. 107; *Light* v. *United States,* 220 U. S. 523, 538.

No attempt was made by Virginia to tax the equitable interests of the beneficiaries of the trust. That the thing taxed or the measure of the tax is different from the equitable interests of the beneficiaries, as affected by the specified contingencies, sufficiently appears from the fact that the one may well have been of different value than the other. In fact, the securities seem to have been assessed at their full value although the equitable interests of the beneficiaries are less than the whole.

It may be that Virginia, following its own view of the nature of vested and contingent interests, might tax the interests of these beneficiaries as though they were the whole, but it is sufficient for present purposes that it has not assumed to do so. In the face of the present record we are not required to speculate how far a tax, forbidden because assessed upon property beyond the jurisdiction, may be upheld because it may be passed on to the bene-

ficiaries in Virginia and the equitable interests thus reached by indirection.

If the question were here I should not be prepared to go so far as to say that the equitable rights *in personam* of the beneficiaries of the trust might not have been taxed at the place of their domicile quite as much as a debt secured by a mortgage on land in another jurisdiction, notwithstanding the fact that the land is also taxed at its situs. See *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, 205; *Bristol* v. *Washington County,* 177 U. S. 133; *Kirtland* v. *Hotchkiss,* 100 U. S. 491; *Savings Society* v. *Multnomah County,* 169 U. S. 421, 431. In neither case, if the threat of double taxation were controlling, which under the decisions it is not, *Fidelity & Columbia Tr. Co.* v. *Louisville,* 245 U. S. 54, 58; *Cream of Wheat Co.* v. *Grand Forks Co.,* 253 U. S. 325, 330; *Citizens Nat'l Bank* v. *Durr,* 257 U. S. 99, 109; cf. *Swiss Oil Corporation* v. *Shanks,* 273 U. S. 407, 413, would it seem that in any real sense is there double taxation, since the legal interests protected and taxed by the two taxing jurisdictions are different.

MR. JUSTICE BRANDEIS concurs in this opinion.

MR. JUSTICE HOLMES:

The Special Court of Appeals was plainly right in holding that the deed of trust conferred an absolute gift upon the two beneficiaries, perhaps, though I doubt it, subject to be divested upon a condition subsequent. Gray, Perpetuities, 1st ed., § 108. If the beneficiaries could be taxed at all they could be taxed for the whole value of the property, because the whole title was in them, even if liable to be divested at some future time in a not very probable event.

I am of opinion that on principle they can be taxed. In the first place I do not think that it matters that the owners, residing in Virginia, have only an equitable title. To be sure the trustee having the legal title and posses-

sion of the bonds in Maryland may be taxed there. But that does not affect the right of Virginia by reason of anything that I know of in the Constitution of the United States. *Bonaparte* v. *Tax Court,* 104 U. S. 592. *Kidd* v. *Alabama,* 188 U. S. 730, 732, 733. *Hawley* v. *Malden,* 232 U. S. 1, 13. *Cream of Wheat Co.* v. *Grand Forks,* 253 U. S. 325, 330. *Citizens National Bank* v. *Durr,* 257 U. S. 99, 109. *Blodgett* v. *Silberman,* 277 U. S. 1, 10. Compare with the last case *Wheeler* v. *Sohmer,* 233 U. S. 434.

I see no other fact to cut down Virginia's power. It is true that the conception of domicil has been applied to tangible personal property and it now is established that a State cannot tax the owner of such property if it is permanently situated in another State. But hitherto the decisions have been confined to tangibles that in a plain and obvious way owed their protection to another power. *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, 206. It seemed to me going pretty far to discover even that limitation in the Fourteenth Amendment. It opens vistas to extend the restriction to stocks and bonds in a way that I cannot reconcile with *Blodgett* v. *Silberman,* 277 U. S. 1. Taxes generally are imposed upon persons, for the general advantages of living within the jurisdiction, not upon property, although generally measured more or less by reference to the riches of the person taxed, on grounds not of fiction but of fact. *Fidelity & Columbia Trust Co.* v. *Louisville,* 245 U. S. 54, 58. *Kirtland* v. *Hotchkiss,* 100 U. S. 491, 498. The notion that the property must be within the jurisdiction puts the emphasis on the wrong thing. The owner may be taxed for it although it never has been within the State. *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63. It seems to me going still further astray to rely upon the *situs* of the debt. A debt is a legal relation between two parties and, if we think of facts, is situated at least as much with the debtor against whom the obligation must be enforced as it is with the creditor. To say that a debt

has a *situs* with the creditor is merely to clothe a foregone conclusion with a fiction. The place of the property is not material except where inability to protect carries with it inability to tax. But that is an exceptional consequence. One State may tax the owner of bonds of another State, although it certainly contributes nothing to their validity. *Bonaparte* v. *Tax Court,* 104 U. S. 592. It is admitted that Maryland could tax the trustee in this case although most at least of the securities handed over were beyond the power of Maryland to affect in any substantial way. The equitable owners of the fund were in Virginia and I think they could be taxed for it there. I do not understand that any merely technical question is raised on the naming of the trustee instead of the *cestuis que trustent* as the party taxed. Nor is there any question of the amount. Throughout the record, by the Court and by the trustee, the single issue is stated to be whether the fund can be reached. In the words of the trustee it is: " Has such corpus, so created and held, a taxable situs in Virginia within the sanction of section one of the 14th Amendment to the Constitution of the United States?" I think the judgment should be affirmed.