In the Matter of the Estate of KATHERINE H. BROWN, Deceased.

Surrogate's Court, New York County, August 22, 1934.

*Edgar Hirschberg*, for the State Tax Commission.

*Towsley & Bangs* [*Frederick C. Bangs, Russell L. Bradford* and *James D. Ouchterloney* of counsel], for the executors, appellants.

FOLEY, S.   This is an appeal from the *pro forma* order fixing the estate tax and made on November 28, 1933.   The appeal is taken by the executors from that specific part of the order which imposed a tax upon the succession to a trust fund established on December 30, 1924, by the decedent, who at that time was a resident of the State of Colorado.   The trustee was a bank in that State.   The fund consisted of bonds of the face value of $243,000.   The market value as fixed by the appraiser at the time of death was somewhat in excess of that figure.   Mrs. Brown died on December 11, 1931. Prior to her death she had changed her domicile from the State of Colorado to the State of New York.   Under the deed the income of the trust was to be paid to the settlor's daughter for life and the settlor reserved the right to change the beneficiary.   The trust agreement also reserved the full and complete power of revocation. This power was never exercised and no change was made in the trust except that from August 1, 1929, to the death of the decedent the trust income was paid in part to the decedent to reimburse her

for advances made to her daughter, and in part to a trustee for creditors of the daughter to be applied to the payment of her debts.

The terms of the trust agreement provided that the daughter continue as life tenant after the death of her mother. The remainder is contingent and the presumptive remaindermen are the two children of the daughter. At the time of the death of the decedent the securities remained with the trustee in Colorado.

The State of Colorado has taxed the succession to the fund. If the *pro forma* order is sustained, the State of New York will assess a second tax upon the succession to the same fund.

The principal contentions of the executors are that the order appealed from was made in violation of the State and Federal Constitutions and that the State may not subject to taxation property wholely beyond her jurisdiction or control. The appeal is denied.

The succession would unquestionably be taxable in New York in the case of a trust deed made by a resident of this State, which reserved a power of revocation and appointed a New York trustee. (*Matter of Dana Co.*, 215 N. Y. 461; *Matter of Bostwick*, 160 id. 489; Tax Law, § 249-r.)

To declare the present taxing statute unconstitutional, or even to change the existing rule as to the taxable situs of property, by a court of first instance, in the absence of cogent reason or pertinent judicial authority, would inevitably lead to uncertainty in the administration of the Tax Law and possible loss of revenue to the State. The peril of such a determination was demonstrated by the subsequent reversal of a determination of unconstitutionality by courts of first instance in *Matter of Watson* (226 N. Y. 384; 227 id. 584; 254 U. S. 122) and *Matter of Cole* (237 App. Div. 372; affd., 263 N. Y. 643). The existence of a power of revocation in the trust deed in the present case distinguishes the facts here from those in *MacClurkan* v. *Bugbee* (106 N. J. Law, 192; 150 Atl. 443). There, no power of revocation existed; here, there was a complete power to revoke. There the trust was established by a resident of Illinois. She subsequently became a resident of the State of New Jersey, where the question of taxation was determined in the decision just cited. The trustee was a resident of Illinois and the securities were located in that State at the time of the decedent's death. The court, in effect, held that the property, in part, passed subject to no privilege or right of testamentary or intestate succession granted by the law of New Jersey. The transfer to the life tenant of the trust, a resident of Illinois, was held to be exempt from taxation. Since there was no disposition of the remainder interest under the trust deed and that interest

passed as part of the estate of the New Jersey decedent, it was held that a tax might properly be levied upon the succession to the remainder interest.

The decision of the United States Supreme Court in *Safe Deposit & T. Co.* v. *Virginia* (280 U. S. 83) does not appear to apply to the facts here. That case did not involve an inheritance tax, but a direct assessment by the Virginia taxing authorities upon property located in the State of Maryland within a trust established by a decedent in his lifetime. The property was held to be taxable in Maryland, but not in Virginia.

In the present appeal the existence of a power of revocation by which the creator — a resident of this State — retained the full power to revoke the trust and to regain control constituted, under our Tax Law (§ 249-r), the basis of a taxable succession. (*Bullen* v. *Wisconsin*, 240 U. S. 625; *Porter* v. *Commissioner of Internal Revenue*, 288 id. 436; *Matter of Dana Co., supra*.) It was stated by Chief Judge BARTLETT in the last cited case: " There was no element of finality about the instrument during the donor's lifetime, for it was just as capable of revocation as a will would have been. Under these circumstances it was a transfer of a testamentary nature."

The effect of my decision necessarily subjects the succession to the property to double taxation in Colorado and New York. To avoid that hardship would be desirable. However, until the Court of Appeals changes in its application to foreign trusts the rule laid down in *Matter of Dana Co.* (*supra*), it would appear that the assessment of the tax should be upheld.

Submit order on notice denying the appeal from the *pro forma* order.