**NEVIN et al. v. MARTIN, State Tax Commissioner of New Jersey, et al.**

**No. 4805.**

District Court, D. New Jersey.
April 4, 1938.

Starr, Summerill & Lloyd, of Camden, N. J. (Alfred E. Driscoll, of Camden, N. J., of counsel), for plaintiffs.

David T. Wilentz, Atty. Gen., of New Jersey (William A. Moore, of Trenton, N. J., of counsel), for defendants.

Before DAVIS, Circuit Judge, and AVIS and FORMAN, District Judges.

FORMAN, District Judge.

Walter Ross McShea died on December 3, 1930. His will was admitted to probate as that of a resident, by the register of wills of Philadelphia county, Pa., on December 19, 1930, and letters testamentary were issued to plaintiff Edwin C. Nevin, and Mary J. D. McShea, since deceased.

The register on May 16, 1933, acting as a taxing officer for the state of Pennsylvania, assessed resident inheritance and estate taxes in the sum of $53,990.04, which plaintiffs, about June 1, 1933, appealed to the orphans' court of Philadelphia county for the purpose, as they claim, "of having a judicial declaration of domicil in consequence of the claim by the taxing authorities of the State of New Jersey that the domicil of the testator at the time of his death was in that State." The court found the decedent to have been a resident of Pennsylvania, and affirmed the assessment of the register.

Plaintiffs appealed that determination to the orphans' court, sitting en banc, alleging in their exceptions that the decedent was legally domiciled in the state of New Jersey, and that the transfer of his estate should not therefore be taxed as that of a resident of the state of Pennsylvania. The reviewing court on January 26, 1934, affirmed the findings and decree of the court below, and plaintiffs on January 30, 1934, declining to review the matter further, paid the commonwealth of Pennsylvania the sum of $53,990.04 in full settlement of its claim for resident inheritance and estate taxes.

On December 1, 1933, the State Tax Commissioner of New Jersey, having determined that the decedent was legally domiciled within the state of New Jersey at the

time of his death, assessed a transfer inheritance tax in the sum of $93,614.67. This assessment is the subject matter of the present suit.

No appeal from said assessment as provided for by the statutes of the state of New Jersey was taken by plaintiffs. Instead, they filed a bill of complaint in this court on January 30, 1934 (amended on April 13, 1934), seeking temporary and permanent injunctions against defendants in their official capacities restraining them from (a) completing the appraisement, assessment, and collection of the tax; (b) "refusing" to issue tax waivers; (c) enforcing the provisions of any law for the collection of the tax; and (d) prosecuting or bringing any action at law or in equity against plaintiffs for the collection of the tax.

Defendants moved to dismiss the bill on several grounds, and District Judge Avis, on the hearing of the motion and plaintiffs' order to show cause why a temporary injunction should not issue, held that he was without jurisdiction to act in the matter, since the proceedings were controlled by section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380, which requires the presence of three judges on the hearings for interlocutory and permanent injunctions.

On March 26, 1936, this court denied defendants' motion to dismiss, allowed an interlocutory injunction, and ordered that defendants file answer to the amended bill, all without prejudice, however, to defendants' right to raise their grounds for dismissal in the answer. The matter is now before the court on final hearing, on amended bill, answer (including grounds for dismissal), and a stipulated record.

More nearly illustrative of this type of case are Worcester County Trust Co. v. Riley, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed. ——, and Dorrance v. Martin, D.C., 12 F. Supp. 746, Id., 296 U.S. 393, 56 S.Ct. 278, 80 L.Ed. 293. In the Worcester County Case it was alleged that California and Massachusetts were claiming to be the state of decedent's domicil, and, accordingly, were about to assess inheritance taxes. The petitioner came into court under the Interpleader Act, joining the taxing officials of the two states as defendants, and praying that the respondent officials of the two states interplead their respective claims for the tax. The court determined that there is no invasion of constitutional rights when there is a mere possibility of a conflict of

decisions among the states. It therefore found that no constitutional problem was involved, and that the suit was against the state, which the Eleventh Amendment forbids.

In the Dorrance Case, Pennsylvania and New Jersey each claimed to be the state of decedent's domicil. The New Jersey Tax Commissioner made an assessment notwithstanding the fact that the Supreme Court of Pennsylvania had determined that the decedent was domiciled there and a succession tax had been paid. An appeal was taken from the New Jersey Tax Commissioner to the prerogative court, which affirmed the assessment. Another appeal was taken, resulting in an affirmance by the Supreme Court of New Jersey. An injunction was then sought in the United States District Court against the collection of succession taxes by New Jersey. The Supreme Court of the United States affirmed the statutory three-judge court's refusal to grant the injunction due to the prohibition of section 265 of the Judicial Code, 28 U.S.C.A. § 378, which prevents any federal court from granting an injunction to stay proceedings in any court of a state.

■ It is contended that New Jersey in refusing to be bound by the Pennsylvania decree determining domicil and the assessment of inheritance taxes is violating the full faith and credit clause of the Constitution. Article 4, § 1. Where a constitutional infringement appears, suits to restrain the action of state officers may be prosecuted. Worcester County Trust Co. v. Riley, 302 U.S. 292, 296, 297, 58 S.Ct. 185, 186, 82 L.Ed. ——. It thus appears that the primary question is whether a constitutional infringement is presented.

The precise inquiry this court must determine is whether the adjudication of domicil and of liability for succession taxes in favor of Pennsylvania is binding upon the state of New Jersey. The case of Tilt v. Kelsey, 207 U.S. 43, 28 S.Ct. 1, 52 L.Ed. 95, is cited as authority for the proposition that it is. Therein there was a complete distribution of the estate in New Jersey and a decree discharging the executors and barring all creditors. Afterwards, the state of New York asserted its right to a transfer tax. It was argued that the New Jersey decree must be given full faith and credit, and consequently New York could not tax. The court held that the full faith and credit clause meant that the decree must be given the same effect

in other states as it is given in New Jersey, and since the New Jersey decree was binding upon the executors and distributees it was likewise binding upon all the world, and accordingly New York was bound by the New Jersey decree, and, hence, New York could not tax.

■ The case of Baker v. Baker, Eccles & Co., 242 U.S. 394, at pages 401, 402, 37 S.Ct. 152, 155, 61 L.Ed. 386, without making specific reference to Tilt v. Kelsey, supra, indicates in the following language that the full faith and credit clause of the Constitution no longer means that a judgment is entitled to the same faith and credit in every other state as it is given in the state of its origin:

"Notwithstanding that Mills v. Duryee (1813) 7 Cranch 481, 484, 3 L.Ed. 411,— where, as the opinion shows, the defendant had full notice of the suit, was arrested, and gave bail,—was by some courts interpreted as holding that, irrespective of such notice, the act of Congress required a judgment under all circumstances to receive the same faith and credit in every other state that it had in the state of its origin, Field v. Gibbs (1815) Pet.C.C. 155, 158, Fed.Cas. No. 4,766 [9 Fed.Cas. 15, 16]; Commonwealth v. Green (1822) 17 Mass. 515, 546, the view soon came to prevail in the state courts that the case was not authority for so broad a proposition, and that whenever a judgment of a state court was produced as evidence, the jurisdiction of the court rendering it was open to inquiry; and if it appeared that the court had no jurisdiction the judgment was entitled to no faith or credit.

"Mr. Justice Story, who wrote the opinion in Mills v. Duryee, in his treatise on the Conflict of the Laws, published in 1834 (§ 609), declared that the 'full faith and credit' clause and the act of Congress did not prevent an inquiry into the jurisdiction of the court to pronounce the judgment, and this view was adopted and made the basis of decision by this court in D'Arcy v. Ketchum (1850) 11 How. 165, 13 L.Ed. 648, which was followed by Thompson v. Whitman, 18 Wall. 457, 459, 21 L.Ed. 897, with a review of many cases."

The court came to the conclusion that a Tennessee decree distributing property was not entitled to full faith and credit by the courts of Kentucky, because neither parties in Kentucky nor the res (stock in Kentucky corporation, the actual situs of which was in Kentucky) were before the Tennessee court. Therefore, it was recognized that the Tennessee court did not have required jurisdiction. It follows that Tilt v. Kelsey, supra, is not dispositive of the instant case, as the Pennsylvania decree is not entitled to full faith and credit unless Pennsylvania had jurisdiction to impose the tax. And Pennsylvania did not have jurisdiction to levy a succession tax unless the decedent's domicil was within Pennsylvania. Since domicil is a jurisdictional question, it may be attacked in a collateral proceeding. Burbank v. Ernst, 232 U.S. 162, 163, 34 S.Ct. 299, 58 L.Ed. 551.

■ Cases like Thormann v. Frame, 176 U.S. 350, 20 S.Ct. 446, 44 L.Ed. 500; Baker v. Baker, Eccles & Co., 242 U.S. 394, 37 S.Ct. 152, 61 L.Ed. 386; Overby v. Gordon, 177 U.S. 214, 20 S.Ct. 603, 44 L.Ed. 741, and Iowa v. Slimmer, 248 U.S. 115, 39 S.Ct. 33, 63 L.Ed. 158, indicate that a state has sole power to administer property located within its borders. Under these cases Pennsylvania would have sole control over property located there, and there are facts indicating that most of McShea's estate is located in Pennsylvania. These cases were decided at a time when the taxable situs of intangible property was its actual situs. It would naturally follow that the state in which intangible property was located could control its devolution and taxation. But under the presently prevailing rule the situs of intangible property is by construction located at the domicil of the owner. Blodgett v. Silberman, 277 U.S. 1, 48 S.Ct. 410, 72 L.Ed. 749. It is therefore incorrect to say that Pennsylvania has sole control over the administration of intangible property located within its borders unless the owner was actually domiciled there. The state of New Jersey contends the decedent was domiciled within New Jersey. If, in fact, he was domiciled within New Jersey, the cases just cited are not authority for the proposition that Pennsylvania alone can tax.

■ This court is constrained to the conclusion that the refusal of New Jersey to be bound by the Pennsylvania decrees is not violative of the full faith and credit clause of the Constitution. This conclusion is in accord with the reasoning of Blodgett v. Silberman, supra, wherein the decedent was admittedly domiciled in Connecticut with a considerable portion of his property located in New York. The will was probated and a succession tax paid in the latter state. Subsequently, this will was probated

in Connecticut which state also claimed a succession tax. The court observed: "It is contended by the executors that the proceedings in the Connecticut court and the judgment therein fail to give full faith and credit to the public acts, records and proceedings of the State of New York, and that this is in violation of the Constitution of the United States. We do not think there is anything in this point. There is nothing in the proceedings in the Connecticut court that is inconsistent with those in the New York court. There is nothing to indicate that the New York court decided, assuming it had jurisdiction to decide, that there was no power in the state of Connecticut to impose a tax on the transfer that was taxed in Connecticut. More than that, the proceedings and judgment in New York were not such as would conclude Connecticut even with the full faith and credit clause of the Constitution. Connecticut was not a party to those proceedings or to that judgment, nor was it in privity with any one who was a party." 277 U.S. 1, 18, 19, 48 S.Ct. 410, 417, 72 L.Ed. 749.

█ Plaintiffs' endeavor to avoid this conclusion in their contention that during the course of the Pennsylvania proceedings citations were served upon the New Jersey Chief Tax Supervisor (by registered mail and also personally in New Jersey) and the Comptroller of New Jersey (by registered mail) is without merit. These parties did not appear in the Pennsylvania proceedings. Furthermore, the notice given them is patently ineffective. Baker v. Baker, Eccles & Co., 242 U.S. 394, 403, 37 S.Ct. 152, 155, 61 L.Ed. 386, made the following comment on this point: "And to assume that a party resident beyond the confines of a state is required to come within its borders and submit his personal controversy to its tribunals upon receiving notice of the suit at the place of his residence is a futile attempt to extend the authority and control of a state beyond its own territory."

We may now look to the Fourteenth Amendment to determine if the state of New Jersey is violating the Constitution.

The court in Worcester County Trust Co. v. Riley, 302 U.S. 292, 298, 58 S.Ct. 185, 187, 82 L.Ed. ——, made the following statement: "This Court has held that state statutes, construed to impose death taxes upon the intangibles of decedents domiciled elsewhere, infringe the Fourteenth Amendment, and it has accordingly reversed judgments of state courts enforcing such liabil-

ity. First National Bank v. Maine [284 U.S. 312, 52 S.Ct. 174, 76 L.Ed. 313, 77 A.L.R. 1401] supra; Farmers Loan & Trust Co. v. Minnesota, [280 U.S. 204, 50 S.Ct. 98, 74 L.Ed. 371, 65 A.L.R. 1000]."

The petitioner urges upon the court the same cases for the proposition that the Fourteenth Amendment is violated. In neither of these cases, however, were there conflicting claims as to domicile as in the instant case. Furthermore, the petitioner does not point to any New Jersey statute which operates extraterritorially and unconstitutionally as in those cases. He makes reference, however, to the following statute:

"1. A tax shall be and is hereby imposed upon the transfer of any property, real or personal, * * * in the following cases:

"First. When the transfer is by will or by intestate laws of this State from any person dying seized or possessed of the property while a resident of the State.

"Second. When the transfer is by will or intestate law of real property within this State or of goods, wares and merchandise within this State, and the decedent was a nonresident of the State at the time of his death." R.S.N.J.1937, 54:34–1, 1925–1930 Cum.Supp. to C.S., § 208—537, p. 1829.

█ The second section of the above-cited statute is obviously in accord with those cases holding that the taxable situs of tangible property is its actual situs. Frick v. Pennsylvania, 268 U.S. 473, 45 S.Ct. 603, 69 L.Ed. 1058, 42 A.L.R. 316; Union Refrigerator Transit Co. v. Kentucky, 199 U.S. 194, 26 S.Ct. 36, 50 L.Ed. 150, 4 Ann.Cas. 493. Accordingly, it is difficult to conceive that this statute could per se be held violative of the Constitution. Plaintiffs argue that New Jersey is without jurisdiction to tax under the first section of the above statute, because the will was not probated in New Jersey, but in Pennsylvania. It is equally difficult to understand how the probate of a will in a state would deprive the domiciliary state of its right to tax. In re Hartman's Estate, 70 N.J.Eq. 664, 668, 62 A. 560. In fact, if the domiciliary state's power to tax may not be exercised unless the estate is being administered therein, then a chaotic condition in this type of taxation would result. Obviously, there is nothing in the statute violative of the Constitution.

Plaintiffs offer general principles to the effect that the power to tax depends upon a reciprocal relation existing between the state and the taxpayer; that the state protects his property and enhances its value in civic improvements. Plaintiffs submit that the state of New Jersey has been in no position to render these services, because the property is located in Pennsylvania. This argument could be appropriately used if New Jersey undertook to tax tangible property located elsewhere. If, however, the contention is applicable to intangible property located elsewhere, such would be tantamount to saying that the taxable situs of intangible property is its actual situs. That it is not is too well settled to admit of further argument.

The case of City Bank Farmers' Trust Co. v. Schnader, 291 U.S. 24, 54 S.Ct. 259, 78 L.Ed. 628, Id., 293 U.S. 112, 55 S.Ct. 29, 79 L.Ed. 228, though somewhat analogous to the case at bar, in that an injunction was sought against the imposition of an inheritance tax by the officials of the state of Pennsylvania, is not controlling. In the first opinion, the Supreme Court held the bill of complaint stated a cause of action in equity. In the later opinion, however, it affirmed a denial of an injunction because the situs of the property was within Pennsylvania. The question then was not the owner's domicil as it is in the instant case, but the situs of the property.

For the same reason the facts in the instant case do not come within the case of Safe Deposit & Trust Co. v. Virginia, 280 U.S. 83, 50 S.Ct. 59, 74 L.Ed. 180, 67 A.L.R. 386, which holds that the domiciliary state may not levy taxes upon intangible property located elsewhere if that property has assumed a "business situs" in another state. There the decedent, admittedly domiciled in the state of Virginia, had established a trust for the benefit of his two children, the corpus of which was held by a trustee in the state of Maryland. The court concluded that the corpus could not be taxed by the state of Virginia, because the property, even though intangible, had assumed a "business situs," in the state of Maryland. The court then was not concerned with the domicil of the owner, but with the situs of the property. Counsel have not undertaken to offer any proof or show any facts which would indicate that the state of New Jersey in the instant case is attempting to tax intangible property the "business situs" of which is in Pennsylvania.

As decided in Worcester County Trust Co. v. Riley, supra, the Eleventh Amendment prohibits a suit against state officials unless there is a constitutional infringement. The court, being unable to find such, is constrained to the conclusion that this bill cannot be maintained and that the suit must be dismissed.