NASHVILLE TRUST CO. *et al. v.* STOKES, COM'R OF FINANCE AND TAXATION, *et al.**

(*Nashville,* December Term, 1937)

Opinion filed July 2, 1938.

---

*See same case, Curry v. McCanless, 307 U. S., —, 59 S. Ct., 900, 83 L. ed., —.

(1)

CHAS. C. TRABUE, JR., and TRABUE, HUME & ARMISTEAD, all of Nashville, for executors of the will of Mrs. Grace C. Scales.

ROY H. BEELER, Attorney-General of Tennessee, and EDWIN F. HUNT, and DUDLEY PORTER, JR., Assistant Attorneys-General, for the State of Tennessee.

A. A. CARMICHAEL, Attorney-General of Alabama, and RAY RUSHTON, of Montgomery, Alabama, for the State of Alabama.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The question to be determined in this cause is the taxable *situs* of certain intangible personal property belonging to Mrs. Grace C. Scales, a resident of Tennessee,

and placed by her in the hands of the Title Guarantee Loan & Trust Company, an Alabama corporation with its principal place of business at Birmingham in that State, under a trust agreement executed by her in December, 1917, and amended in 1929, naming her son and daughter as beneficiaries.

Mrs. Scales was domiciled in Tennessee for many years and until the time of her death in 1936. Both the State of Tennessee and the State of Alabama asserted the right to levy and collect inheritance or death transfer taxes on the intangibles in the hands of the trustee in Alabama. The bill herein was filed under the Declaratory Judgments Act, Code 1932, section 8835 et seq., and the declaration sought is which of these states is entitled to levy and collect such taxes on the property in question. It is agreed that both States may not tax the property.

It appears that the Title Guarantee Loan & Trust Company had possession of the securities here involved, as trustee, under the provisions of the will of a brother of Mrs. Scales, by the terms of which the securities became the property of Mrs. Scales on the death of the widow of the brother. These securities were never taken from the physical possession of the trustee of Mrs. Scales, but remained in its possession under the terms of the trust agreement executed by Mrs. Scales in December, 1917. Under this agreement, Mrs. Scales did "grant, sell, transfer, assign and deliver" to the trustee the securities in question, with power to "hold, manage and look after" the same. Mrs. Scales reserved to herself (1) the net income for life; (2) the right to direct the sale of any or all the securities in the trust and reinvestment of the same, but providing that "all property

acquired by any reinvestment to be held under the terms and conditions of the trust created by this paragraph;" (3) the right to remove the trustee and substitute another, which was never exercised; (4) the right to dispose of all the trust property by last will and testament; and (5) the right to direct any encroachment upon the *corpus* of the trust at any time that in her opinion the net income from the property was insufficient for her comfortable support, and maintenance; but by an amendment in 1929 Mrs. Scales extinguished her right to encroach upon the *corpus* with reference to certain bonds of the Pratt Consolidated Coal Company, which bonds constitute the major portion of the trust property.

Mrs. Scales, by last will and testament dated January 1, 1926, made disposition of the securities in the hands of the trustee, and directed that the same remain in the hands of the trustee for the benefit of certain persons named in the will. She appointed the Nashville Trust Company, a corporation, executor "as to all property which I may own in the State of Tennessee at the time of my death; and I appoint the Title Guarantee Loan & Trust Company, a corporation of Birmingham, Alabama, as executor of this will as to all property which I may own in the State of Alabama and also as to all property which I may have the right to dispose of by last will and testament in said state."

The chancellor found and decreed that under the facts set up in the pleadings and admitted by stipulation that the securities in the hands of the Title Guarantee Loan & Trust Company, as trustee, at the time of the death of Mrs. Scales had a legal *situs* analogous to the *situs* of tangible personal property in the State of Alabama and

were subject to the death transfer or successive tax of that State. He further held and decreed that the inheritance tax law of Tennessee, in so far as it attempts to impose a tax upon transfer by a resident of Tennessee of "all intangible personal property" (Code, sec. 1259) is unconstitutional and void under the facts of this cause as a violation of the due process clause of the 14th Amendment to the Federal Constitution.

From this decree Walter Stokes, Jr., Commissioner of Finance and Taxation of Tennessee, has appealed to this court, and by proper assignments asserts that the chancellor was in error in finding and decreeing as above set out.

██ State taxation of anything not within its jurisdiction is in violation of the 14th Amendment. *Farmers' Loan & Trust Co.* v. *Minnesota*, 280 U. S., 204, 50 S. Ct., 98, 74 L. Ed., 371, 65 A. L. R., 1000. Under the ancient maxim *mobilia sequuntur personam*, the *situs* of personal property is, generally speaking, the domicile of the owner. *Blodgett* v. *Silberman*, 277 U. S., 1, 48 S. Ct., 410, 72 L. Ed., 749; *First National Bank* v. *Maine*, 284 U. S., 312, 52 S. Ct., 174, 76 L. Ed., 313, 77 A. L. R., 1401. In the latter case after pointing out that due to the vast increase in the extent and variety of tangible personal property not immediately connected with the person of the owner, the maxim has gradually yielded to the law of the place where the property is kept and used, the court said (284 U. S., 329):

"But in respect of intangible property, the rule is still convenient and useful, if not always necessary; and it has been adhered to as peculiarly applicable to that class of property."

6

And in *Blodgett* v. *Silberman, supra,* in determining the taxable *situs* of certain intangibles, the court said (277 U. S., 9):

"At common law the maxim 'mobilia sequuntur personam' applied. There has been discussion and criticism of the application and enforcement of that maxim, but it is so fixed in the common law of this country and of England, in so far as it relates to intangible property, including choses in action, without regard to whether they are evidenced in writing or otherwise and whether the papers evidencing the same are found in the State of the domicile or elsewhere, and is so fully sustained by cases in this and other courts, that it must be treated as settled in this jurisdiction whether it approved itself to legal philosophic test or not."

In *First National Bank* v. *Maine, supra,* the court said (284 U. S., 331):

"We do not overlook the possibility that shares of stock, as well as other intangibles, may be so used in a State other than that of the owner's domicile as to give them a *situs* analogous to the actual situs of tangible personal property. See *Farmer's Loan & T. Co. Case, supra,* 280 U. S., [204] at page 213, 50 S. Ct., 98, 74 L. Ed., 371, 65 A. L. R., 1000. That question heretofore has been reserved, and it still is reserved to be disposed of when, if ever, it properly shall be presented for our consideration."

Were the securities here in question so used in the State of Alabama as to give them a *situs* analogous to the actual *situs* of tangible personal property? We think not. They were not employed in any business of Mrs. Scales, nor was the trustee authorized under the trust agreement to employ the securities in any business of its

own, or in any other person's business. Under the terms of the trust, the trustee was to "hold, manage and look after" the securities, under the reserved powers of Mrs. Scales. The trustee had the legal title to the securities, but only for the purposes of the trust. It had no beneficial interest in the trust property, other than a commission of 5 per cent. on income in compensation for its services as trustee.

In *Farmers' Loan & Trust Co.* v. *Minnesota, supra,* the court said (280 U. S., 213):

"*New Orleans* v. *Stemple,* 175 U. S., 309, 20 S. Ct., 110, 44 L. Ed., 174; *Bristol* v. *Washington County,* 177 U. S., 133, 20 S. Ct., 585, 44 L. Ed., 701, and *Liverpool & L. & G. Ins. Co.* v. *Board of Assessors,* 221 U. S., 346, 31 S. Ct., 550, 55 L. Ed., 762, L. R. A., 1915C, 903, recognize the principle that choses in action may acquire a situs for taxation other than at the domicile of their owner, if they have become integral parts of some local business."

As above pointed out, the securities here in question were not employed so as to become a part of any business in Alabama.

Mrs. Scales reserved the right, which she exercised, to dispose of all of the trust property by will. When she died leaving a will disposing of the trust property, the situation was the same as though there had never been a trust. The property passed under the will as the absolute property of Mrs. Scales, a resident of Tennessee. The inheritance tax law of Tennessee with respect to residents of this State imposes a tax upon "all intangible personal property" transferred "by a will." Code, secs. 1259, 1260. We are unable to see how on this state of

facts Tennessee could be denied the right to levy and collect the tax.

Counsel for the State of Alabama lean heavily on the case of *Safe Deposit & Trust Co.* v. *Virginia,* 280 U. S., 83, 50 S. Ct., 59, 74 L. Ed., 180, 67 A. L. R., 386. This was a case where the State of Virginia attempted to levy an *ad valorem* tax upon securities in the hands of a trustee in Maryland when no person in Virginia had a present right to their enjoyment or power to remove them. The facts, briefly stated, were that the truster, a resident of Virginia, established a trust with a Maryland corporation as trustee. The trust was for the two infant sons of the truster, each being given a one-half interest. The trustee was to collect the income arising from the securities and accumulate the net income for the benefit of the two sons, and when each of them reached twenty-five years of age to pay over to such beneficiary his interest in the accumulated sum, both principal and income. If either son died before receiving his share without issue, then the survivor took all. No provision was made for the death of both sons under twenty-five without issue. The trustee was authorized to change the investments. The truster reserved the right of revocation, but died without having exercised it. Administration of his estate was had in Virginia, and his two sons were domiciled there. Except as changed by reinvestment, the trustee had continued to hold the original securities in Baltimore, Maryland, and paid the taxes regularly demanded by the city and State on account of them. The Supreme Court of Virginia, *Trust Co. of Norfolk* v. *Com.,* 151 Va., 883, 141 S. E., 825, 145 S. E., 326, sustained the *ad valorem* tax levied by that State on the securities in Mary-

land. In reversing this holding, the court said (280 U.
S., 91):

"Manifestly, the securities are subject to taxation in
Maryland where they are in the actual possession of the
trust company—holder of the legal title. That they
are property within Maryland is not questioned. *De
Ganay* v. *Lederer*, 250 U. S., 376, 382, 39 S. Ct., 524, 63
L. Ed., 1042, 1044. Also, nobody within Virginia has
present right to their control or possession, or to re-
ceive income therefrom, or to cause them to be brought
physically within her borders. They have no legal situs
for taxation in Virginia unless the legal fiction mobilia
sequuntur personam is applicable and controlling. . . .

"Ordinarily this court recognizes that the fiction of
mobilia sequuntur personam may be applied in order to
determine the situs of intangible personal property for
taxation. *Blodgett* v. *Silberman*, 277 U. S., 1, 48 S. Ct.,
410, 72 L. Ed., 749. But the general rule must yield to
established fact of legal ownership, actual presence and
control elsewhere, and ought not to be applied if so to do
would result in inescapable and patent injustice whether
through double taxation, or otherwise. [Citing cases.]
Here, where the possessor of the legal title holds the se-
curities in Maryland, thus giving them a permanent situs
for lawful taxation there, and no person in Virginia has
present right to their enjoyment or power to remove
them, the fiction must be disregarded. It plainly con-
flicts with fact; the securities did not and could not fol-
low any person domiciled in Virginia. Their actual situs
is in Maryland and cannot be changed by the cestuis que
trust."

The situation in the instant cause is entirely different
from that presented in *Safe Deposit & Trust Co.* v.

*Virginia.* Here the trust terminated on the death of Mrs. Scales, she having exercised her right to dispose of the trust property by will. She was a resident of Tennessee, as were the beneficiaries under her will. No question of double taxation is presented, as was true in the *Safe Deposit Case.*

Our conclusion is that the decree of the chancellor must be reversed and a declaration entered here in accordance with this opinion.

The costs of the cause will be paid by the State Tax Commissioner of the State of Alabama.