MAGUIRE v. TREFRY, TAX COMMISSIONER OF THE COMMONWEALTH OF MASSACHUSETTS.

ERROR TO THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS.

No. 280. Argued March 24, 1920.—Decided April 26, 1920.

The income received by the beneficiary from a trust estate consisting of bonds and equipment certificates held and administered by the trustee in another State, is taxable by the State of the beneficiary's domicile. P. 14.

230 Massachusetts, 503, affirmed.

THE case is stated in the opinion.

*Mr. Richard W. Hale,* with whom *Mr. John M. Maguire* was on the brief, for plaintiff in error, contended that the tax was direct on the property producing the income. Personal intangible property held in trust and personal tangible property held by a trustee who had leased it on the equipment trust plan had its *situs* where it and the trustee were. The domicile of the *cestui* in Massachusetts did not authorize the taxation over again of the property itself.

*Mr. William Harold Hitchcock,* with whom *Mr. J. Weston Allen,* Attorney General of the State of Massachusetts, was on the brief, for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

Massachusetts has a statute providing for a tax upon incomes (Gen. Acts Mass. 1916, c. 269). In the act imposing the tax it is provided: "If an inhabitant of this commonwealth receives income from one or more executors, administrators or trustees, none of whom is an inhabitant of this commonwealth or has derived his appointment from a court of this commonwealth, such income shall be subject to the taxes assessed by this act, according to the nature of the income received by the executors, administrators or trustees."

The plaintiff in error is a resident of the State of Massachusetts, and was taxed upon income from a trust created by the will of one Matilda P. MacArthur formerly of Philadelphia. The plaintiff in error under the will of the decedent was the beneficiary of a trust thereby created. The securities were held in trust by the Girard Trust Company of Philadelphia. Those which were directly taxable to the trustee were held exempt from taxation in Massachusetts under the terms of the statute of that

State. . The securities the income from which was held taxable in Massachusetts consisted of the bonds of three corporations and certain certificates of the. Southern Railway Equipment Trust. These securities were held in the possession of the trustee in Philadelphia. The trust was being administered under the laws of Pennsylvania. The Supreme Judicial Court of Massachusetts held the tax to be valid. 230 Massachusetts, 503.

Of the nature of the tax the Chief Justice of Massachusetts, speaking for the Supreme Judicial Court, said: "The income tax is measured by reference to the riches of the person taxed · actually made available to him for valuable use during a given period. It establishes a. basis of taxation directly proportioned to ability to bear the burden. It is founded upon the protection afforded to the recipient of the income by the government of the Commonwealth of his residence in his person, in his right to receive the income and in his enjoyment of the income when in his possession. That government provides for him all the advantages of living in safety and in freedom and of being protected by law. It gives security to life, liberty and the other privileges of dwelling in a civilized community. It exacts in return a contribution to the support of that government measured by and based upon the income, in the fruition of which it defends him from unjust interference. It is true of the present tax, as was said by Chief Justice Shaw in *Bates* v. *Boston*, 5 Cush. 93, at page 99, 'The assessment does not touch the fund, or control it; nor does it interfere with the trustee in the exercise of his proper duties; nor call him, nor hold him, to any accountability. It affects only the income, after it has been paid by the trustee' to the beneficiary."

We see no reason to doubt the correctness of this view of the nature and effect of the Massachusetts statute, and shall accept it for the purpose of considering the federal

12.                    Opinion of the Court.

question before us, which arises from the contention of the plaintiff in error that the imposition of the tax was a denial of due process of law within the protection of the Fourteenth Amendment to the Federal Constitution, because, it is alleged, the effect of the statute is to subject property to taxation which is beyond the limits and out-side the jurisdiction of the State. To support this con-tention the plaintiff in error relies primarily upon the decision of this court in *Union Refrigerater Transit Co.* v. *Kentucky*, 199 U. S. 194. In that case we held that tangible, personal property, permanently located in another State than that of the owner, where it had ac-quired a situs, and was taxed irrespective of the domicile of the owner,—was beyond the taxing power of the State, and that an attempt to tax such property at the owner's domicile was a denial of due process of law under the Fourteenth Amendment. This ruling was made with reference to cars of the Transit Company permanently employed outside the State of the owner's residence. In that case this court in the opinion of Mr. Justice Brown, speaking for it, expressly said that the taxation of in-tangible personal property was not involved. (199 U. S. 211.)

It is true that in some instances we have held that bonds and bills and notes although evidences of debt have come to be regarded as property which may acquire a taxable situs at the place where they are kept, which may be elsewhere than at the domicile of the owner. These cases rest upon the principle that such instruments are more than mere evidences of debt, and may be taxed in the jurisdiction where located, and where they receive the protection of local law and authority. *Blackstone* v. *Miller*, 188 U. S. 189, 206. *People ex rel. Jefferson* v. *Smith*, 88 N. Y. 576, 585. At the last term we held in *DeGanay* v. *Lederer*, 250 U. S. 376, that stocks and bonds issued by domestic corporations, and mortgages secured

on domestic real estate, although owned by an alien non-resident, but in the hands of an agent in this country with authority to deal with them, were subject to the Income Tax Law of October 3, 1913, 38 Stat. 166.

In the present case we are not dealing with the right to tax securities which have acquired a local situs, but are concerned with the right of the State to tax the beneficiary of a trust at her residence, although the trust itself may be created and administered under the laws of another State.

In *Fidelity & Columbia Trust Company* v. *Louisville*, 245 U. S. 54, we held that a bank deposit of a resident of Kentucky in the bank of another State, where it was taxed, might be taxed as a credit belonging to the resident of Kentucky. In that case *Union Refrigerator Transit Co.* v. *Kentucky, supra*, was distinguished, and the principle was affirmed that the State of the owner's domicile might tax the credits of a resident although evidenced by debts due from residents of another State. This is the general rule recognized in the maxim "*mobilia sequuntur personam*," and justifying, except under exceptional circumstances, the taxation of credits and beneficial interests in property at the domicile of the owner. We have pointed out in other decisions that the principle of that maxim is not of universal application and may yield to the exigencies of particular situations. But we think it is applicable here.

It is true that the legal title of the property is held by the trustee in Pennsylvania. But it is so held for the benefit of the beneficiary of the trust, and such beneficiary has an equitable right, title and interest distinct from its legal ownership. "The legal owner holds the direct and absolute dominion over the property in the view of the law; but the income, profits, or benefits thereof in his hands, belong wholly, or in part, to others." 2 Story's Equity, 11th ed., § 964. It is this property right belong-

ing to the beneficiary, realized in the shape of income, which is the subject-matter of the tax under the statute of Massachusetts.

The beneficiary is domiciled in Massachusetts, has the protection of her laws, and there receives and holds the income from the trust property. We find nothing in the Fourteenth Amendment which prevents the taxation in Massachusetts of an interest of this character, thus owned and enjoyed by a resident of the State. The case presents no difference in principle from the taxation of credits evidenced by the obligations of persons who are outside of the State which are held taxable at the domicile of the owner. *Kirtland* v. *Hotchkiss,* 100 U. S. 491.

We find no error in the judgment and the same is

*Affirmed.*

Dissenting, MR. JUSTICE McREYNOLDS.