### MARYLAND CASUALTY CO. v. CITY OF CINCINNATI et al.

(District Court, S. D. Ohio, W. D. March 19, 1923.)

No. 248.

1. **Courts ⊜⊐317—In surety's action against contractor and other party to contract, contractor not aligned with surety as plaintiff.**

   In action by contractor's surety against contractor and a city, the other party to the contract, for subrogation to contractor's rights and for recovery against the city, the contractor cannot be aligned with the surety as plaintiff in testing jurisdiction of federal court.

2. **Fraud ⊜⊐35—Contractor held not to have necessarily waived right of action for false representation by proceeding with work.**

   Contractor did not necessarily waive right of action against city for damages for false representations as to nature of material to be excavated by proceeding with work after discovering falsity thereof.

3. **Subrogation ⊜⊐7(1)—Surety held subrogated to contractor's right of action against other party for fraud inducing the contract.**

   Contractor's surety which, under compulsion of its bond, paid money for purpose of completing work which contractor was bound to do, is entitled to be subrogated to contractor's right of action against other party to contract for fraud inducing making of contract.

In Equity. Action by the Maryland Casualty Company against the City of Cincinnati and others. Judgment as stated in the opinion.

⊜⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Albert H. Morrill, of Cincinnati, Ohio, and George Cushwa, of Baltimore, Md., for plaintiff.

Michael Muller, of Cincinnati, Ohio, for defendant Foley.

Frank F. Dinsmore, of Cincinnati, Ohio, for defendant Columbia Bank & Savings Co.

L. F. Forchheimer and Dennis J. Ryan, both of Cincinnati, Ohio, for defendant City of Cincinnati.

PECK, District Judge. This case has been submitted in consolidation with case No. 247 (291 Fed. 825) in so far as the issue of subrogation is concerned. At the outset it was announced that at this hearing it would be determined who is entitled to assert the chose in action against the city of Cincinnati set forth in the bill, and that the owner so determined would be left to assert his claim in appropriate action at law, hereafter to be brought, in this court or elsewhere. The last clause is now modified, and the question whether plaintiff may pursue its remedy further in this action, is not now determined, but is reserved for future consideration by this court.

[1] At the hearing the jurisdiction of the court was challenged by the city, it being claimed that if the parties were realigned according to their real interests, respectively, Foley would be given position as plaintiff and there would be no diversity of citizenship. Subrogation as to the rights of Foley is sought against him by the bill on allegations that the plaintiff spent, under compulsion, money that Foley should have spent to complete the contract. Foley's answer denies this, and therefore a direct issue is drawn between the plaintiff and Foley. Under these circumstances, it does not seem possible to align Foley as plaintiff with the casualty company; consequently, the objection to the jurisdiction of the court is overruled.

[2] It is again urged by the city that the bill states no cause of action. The ground of this assertion is that it shows that while the work was under way Foley discovered the alleged falsity of the representations which had been made to him concerning the nature of the material to be excavated, and having so discovered, did not refuse to proceed further, but, on the contrary, made his election to proceed with the contract, and so waived his right of action for deceit; and that as the casualty company attempts to stand in the shoes of Foley, its position can be no better than his. Simon v. Goodyear Metallic Rubber Shoe Co., 105 Fed. 573, 44 C. C. A. 612, 52 L. R. A. 745 (C. C. A. 6). But direct authority for the present action is found in Christie v United States, 237 U. S. 234, 35 Sup. Ct. 565, 59 L. Ed. 933. Such an obligation to elect was asserted by counsel and denied by the Supreme Court upon a somewhat similar state of facts in United States v. Atlantic Dredging Co., 253 U. S. 1–11, 40 Sup. Ct. 423, 64 L. Ed. 735. It does not now appear, except for certain unexplained station numbers, how far the work had progressed toward completion when the discovery was made, or what the situation of the parties was at that time. If there was a waiver, as the city contends, it will be ascertainable when the facts are heard, and until that time final disposition of the question

is passed. In view of the authority last referred to, it cannot be now held, on the allegations of the bill, that there was necessarily such a waiver.

[3] The further question arises whether a right of action in favor of the contractor against the city, growing out of fraud in the inducement, is one to which the surety may be subrogated. Assuming for present purposes that Foley "should not now be held to have been put to the suggested election" (United States v. Atlantic Dredging Co., supra, 253 U. S. 12, 40 Sup. Ct. 423, 64 L. Ed. 735), the money which the casualty company paid out was paid under compulsion of its bond, and so that company was no volunteer; the money was paid for the purpose of completing work which Foley was (upon the present assumption aforesaid) bound to, but did not, make. On general principles, the equity of subrogation, under such circumstances, inured to the casualty company. General Coal Co. v. Sloat-Darragh Co., 276 Fed. 502 (C. C. A. 6).

The extent to which the Maryland Casualty Company is subrogated to the rights of Foley in the premises is $26,752.70, the sum which it expended by advancements to Foley and directly to bring the contract to completion. From this is to be deducted whatever may be recovered in case No. 247. Plaintiff's recovery, if any, will be for the benefit of itself and its reinsurers, proportionate to their interests, a set forth in the opinion of this court in case No. 247.

This cause is retained for the determination of all matters not hereinabove disposed of.