Day, J.
 

 The question, for decision in this case, broadly stated, is whether the state of Ohio has the power and authority under the so-called “Intangible Tax Law,” Section 5323 and related sections of the General Code (114 Ohio Laws, 714), to tax the equitable, beneficial interest of a resident beneficiary under a trust the corpus of which is located outside this state and the trust held by a nonresident trustee.
 

 In a consideration of the questions involved it is essential to give a brief summary of the sections relevant to the issue. The portions of the statutes applicable are as follows:
 

 
 *537
 
 Section 5323, after defining investments to include shares of stock, bonds, certificates of indebtedness, debentures and notes, and the like, includes in this definition of investments the following: “All equitable interests, life or other limited estates and annuity interests in any investment hereinbefore described, or in any fund made up of any such investments, wherever located.”
 

 Section 5328-1 provides in part as follows: “All moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be subject to taxation.”
 

 Section 5370 provides in part as follows: “Nothing herein shall be so construed as to authorize any person to omit from his return of taxable property investments owned or held for his benefit by a fiduciary, or other taxable property so owned or held by a nonresident fiduciary. ’ ’
 

 In Section 5388 we find the following:
 

 “In listing investments, the amount of the income yield of each for the calendar year next preceding the date of listing shall, excepting as otherwise provided in this chapter, be stated in dollars and cents and the assessment thereof shall be at the amount of such income yield. * * #
 

 “Credits and other taxable intangibles shall be listed and assessed at the true value thereof, in money, on the day as of which the same are required to be listed. ’ ’
 

 Section 5389 relates to true value in money, and the income yield.
 

 Section 5638 relates to the classification of intangi ble property and rate of taxation.
 

 Plaintiff in error contends that for the state of Ohio to tax her equitable, beneficial interest in trust funds in a trust located in, and whose situs for taxation purposes is, the state of Pennsylvania, is a tax on the trust
 
 res
 
 or corpus of the trust itself, and is therefore
 
 *538
 
 unconstitutional, as a denial of due process of law within the protection of Article XIV, Section 1, of Amendments to the Constitution of the United States, and of Article I, Section 16, of the Constitution of Ohio.
 

 Defendants in error contend that the state of Ohio has the power and right to tax the beneficial interest of the plaintiff in error in a trust of this character; that the right to, or the possession of, funds representing such beneficial interest is a form of intangible property, is in fact property, in the state of Ohio, separate and distinct from the corpus of the trust legally held in Pennsylvania; and that, because of her domicile in Ohio, it has its situs, for the purposes of taxation, in Ohio.
 

 Upon the question of the right of the state of Ohio to levy the tax here in question, involving as it does the determination of the constitutionality of the law under which such tax is levied, the authority of the Supreme Court of the United States in the case of
 
 Maguire
 
 v.
 
 Trefry, Tax Commr. of Mass.,
 
 253 U. S., 12, 40 S. Ct., 417, 64 L. Ed., 739, is controlling. By the decision in that case the Supreme Court of the United States determined the question of the power of the state of Massachusetts to tax the income of a resident beneficiary received from a trust created by a testator who resided in Pennsylvania, and which was held and administered in that state. The trust property, which was held in trust and in the possession of the trustee in Pennsylvania, to wit, the Girard Trust Company of Philadelphia, consisted of bonds of three corporations and certificates of the Railway Equipment Trust, all non-Massachusetts debtors. The income from these securities was the subject of the tax under consideration. The Supreme Judicial Court of Massachusetts, in the case of
 
 Maguire
 
 v.
 
 Tax Commissioner,
 
 230 Mass., 503, 120 N. E., 162, had held the tax valid.
 

 
 *539
 
 In the case of
 
 Maguire
 
 v.
 
 Trefry, Tax Commissioner, supra,
 
 the Supreme Court of the United States, upholding the constitutionality of the tax, said at page 17: “The beneficiary is domiciled in Massachusetts, has the protection of her laws, and there receives and holds the income from the trust property. We find nothing in the Fourteenth Amendment which prevents the taxation in Massachusetts of an interest of this character, thus owned and enjoyed by a resident of the State. The case presents no difference in principle from the taxation of credits evidenced by the obligations of persons who are outside of the State which are held taxable at the domicile of the owner.
 
 Kirtland
 
 v.
 
 Hotchkiss,
 
 100 U. S., 491 [25 L. Ed., 558].”
 

 Further, the Justice writing the opinion, as bearing on the right to tax in connection with the domicile situs, says, at page 16: “In
 
 Fidelity & Columbia Trust Company
 
 v.
 
 Louisville,
 
 245 U. S. 54, [38 S. Ct., 40, 62 L. Ed., 145, L. R. A., 1918C, 124], we held that a bank deposit of a resident of Kentucky in the bank of another State, where it was taxed, might be taxed as a credit belonging to the resident of Kentucky. In that case
 
 Union Refrigerating Transit Co.
 
 v.
 
 Kentucky, supra
 
 [199 U. S., 194, 26 S. Ct., 36, 50 L. Ed., 150, 4 Ann. Cas., 493], was distinguished, and the principle was affirmed that the State of the owner’s domicile might tax the credits of a resident although evidenced by debts due from residents of another State. This is the general rule recognized in the maxim
 
 ‘mobilia sequuntur personam,’
 
 and justifying, except under exceptional circumstances, the taxation of credits and beneficial interests in property at the domicile of the owner.”
 

 Further quoting from the opinion, as to the right to tax as an equitable right distinct from the legal ownership and that this property right is the
 
 res
 
 taxed, it is said on page 16: “It is true that the legal title of the property is held by the trustee in Pennsylvania.
 
 *540
 
 But it is so held for the benefit of the beneficiary of the trust, and such beneficiary has an equitable right, title and interest distinct from its legal ownership. ‘The legal owner holds the direct and absolute dominion over the property in the view of the law; but the income, profits, or benefits thereof in his hands, belongs wholly, or in part, to others.’ 2 Story’s Equity, 11th ed., Section 964. It is this property right belonging to the beneficiary, realized in the shape of income, which is the subject-matter of the tax under the statute of Massachusetts.”
 

 These quotations from the opinion of the Supreme Court in our judgment demonstrate that the reasoning and principle by which the court reached its conclusion of the constitutionality of the Massachusetts statute were: (1) That the tax it imposed was on an equitable interest in property, owned and protected in Massachusetts, and distinct from the legal ownership of the trust in Pennsylvania; and (2) that as the domicile of the owner was in the state of Massachusetts this equitable property interest had its situs there, and was, in consequence, subject to the jurisdiction of that state for taxation purposes.
 

 The objection is made on behalf of the plaintiff in error that “we are here dealing with a property tax, not an income tax or an excise tax,” and that as the tax in question in the instant case is a property tax the case of
 
 Maguire
 
 v.
 
 Trefry, Tax Commissioner, supra,
 
 is not in point.
 

 This objection is not well taken. The tax under consideration in the case of
 
 Maguire
 
 v.
 
 Trefry, supra,
 
 and in the case of
 
 Magmre
 
 v.
 
 Tax Commissioner, supra,
 
 affirmed by the Supreme Court of the United States, was declared to be a property tax. In the latter case the court in its opinion said: “The tax here in question is a property tax.
 
 Tax Commissioner
 
 v.
 
 Putnam,
 
 227 Mass., 522, 531, 532 [116 N. E., 904, L. R. A., 1917F, 806]. Whether it be regarded as a
 
 *541
 
 tax on the right of the
 
 cestui que trust
 
 or a tax on the income as received, in either event a property tax is permissible.”
 

 In the case of
 
 Maguire
 
 v.
 
 Trefry, Tax Commissioner, supra,
 
 the court in its opinion said: “It is this property right belonging to the beneficiary, realized in the shape of income, which is the subject-matter of the tax under the statute of Massachusetts.”
 

 It is not material in the decision of this case, whether, as in Massachusetts, the tax imposed is designated a tax on income, which is derived from the resident beneficiary’s interest in the trust, or, as in Ohio, the tax imposed is designated a tax on the resident beneficiary’s interest in the trust, as measured by the income therefrom, because, under the ruling of the Supreme Court of the United States- in the case of
 
 Maguire
 
 v.
 
 Trefry, Tax Commissioner, supra,
 
 “It is this property right belonging to the [resident] beneficiary, realized in the shape of income,” which is taxed.
 

 As the facts in that case are quite parallel to those in the instant case, and its legal conclusions, drawn therefrom, equally as applicable, it is the property right belonging to the resident beneficiary, measured by the income, which is taxed in Ohio in the case under consideration.
 

 The case chiefly relied on by counsel for the plaintiff in error is the case of
 
 Safe Deposit & Trust Co. of Baltimore
 
 v.
 
 Commonwealth of Virginia,
 
 280 U. S., 83, 50 S. Ct., 59, 74 L. Ed., 180, 67 A. L. R., 386. It is not controlling in the decision of the instant case. In that case the commonwealth of Virginia sought to levy a tax on the corpus of the trust by reason of the fact that the beneficiaries, residents of Virginia, were the real owners of the trust. There is no attempt in the case under consideration to levy a tax on the trust
 
 res.
 
 Under whatever name the tax is designated, both in the case under consideration and the controlling case
 
 *542
 
 of
 
 Maguire
 
 v.
 
 Trefry, Tax Commissioner, supra,
 
 all that was sought to be taxed was the equitable property interest, represented by income derived from the trust.
 

 It is only necessary to quote from the opinion and concurring opinion in the case of
 
 Safe Deposit & Trust Co. of Baltimore
 
 v.
 
 Commonwealth of Virginia, supra,
 
 to show that the tax imposed by the commonwealth of Virginia was not a tax on the equitable interest of the beneficiaries of the trust. In the Opinion it is said: “The power of Virginia to lay a tax upon the fair value of any interest in the securities actually owned by one of her resident citizens is not now presented for consideration. See
 
 Maguire
 
 v.
 
 Trefry, supra.”
 

 In the concurring opinion of Mr. Justice Stone
 
 it
 
 is said: “I concur in the result. It is enough to support it that, as stipulated in the record, the Virginia assessment was levied against a trustee domiciled in Maryland upon securities held by it in trust in its exclusive possession and control there, and so is forbidden as an attempt to tax property without the jurisdiction.
 
 Brooke
 
 v.
 
 Norfolk,
 
 277 U. S. 27, [48 S. Ct., 422, 72 L. Ed., 767]. But the question whether the Fourteenth Amendment forbids a tax on the beneficiaries, in Virginia, where they are domiciled,
 
 measured by their equitable interests,
 
 seems to me not to be presented by the record and so, under the settled rule of decision of this Court, ought not now to be decided.”
 

 The situs of intangible property for the purpose of taxation is generally determined by the application of the maxim,
 
 “mobilia sequuntur personam.”
 

 There is. a further reason' why the
 
 Safe Deposit & Trust Company case
 
 is not even an applicable authority in the instant case. By the provision in the deed of trust, the income from the corpus was to be accumulated and held by the trustee in Maryland until the beneficiaries respectively reached the age of
 
 *543
 
 twenty-five years. During the taxable years in question, therefore, no person in Virginia had a present right to their enjoyment, or power to remove them. In that case the maxim of,
 
 “mobilia sequuntur personam.,”
 
 could not be applied. The securities, or the income therefrom, could not follow any person domiciled in Virginia. By the terms of trust deed, the situs had been fixed in Maryland and could not be changed by the
 
 cestui que trust.
 
 On this question the court said: “Here, where the possessor of the legal title holds the securities in Maryland, thus giving them a permanent situs for lawful taxation there, and no person in Virginia has present right to their enjoyment or power to remove them, the fiction must be disregarded. It plainly conflicts with fact; the securities did not and could not follow any person domiciled in Virginia. Their actual situs is in Maryland and can not be changed by the cestuis
 
 que trustent.”
 

 In the case of
 
 Safe Deposit & Trust Co. of Baltimore
 
 v.
 
 Commonwealth of Virginia, supra,
 
 Mr. Justice Stone in his concurring opinion makes reference to the case of
 
 Brooke
 
 v.
 
 City of Norfolk,
 
 277 U. S., 27, 48 S. Ct., 422, 72 L. Ed., 767, and as this case is relied upon by plaintiff in error it is necessary to refer thereto. In the first place, this was an attempt to tax the corpus of a trust fund, which at the very outset distinguishes the same from the instant case. As stated by Mr. Justice Holmes in delivering the opinion of the court:
 

 “The assessments complained of were for City and State taxes upon the corpus of a trust fund created by the will of a citizen of Maryland resident in Baltimore at the time of her death. This will bequeathed to the Safe Deposit and Trust Company of Baltimore eighty thousand dollars in trust to pay the income to the petitioner for life, then to her daughters for their lives, and, upon the death of the last survivor, to divide the principal between the descendants then living of the daughters
 
 per stirpes.
 
 The will was proved in
 
 *544
 
 Maryland and in 1914 was admitted to probate in tbe Corporation Court of Norfolk as a foreign will. The property held in trust bas remained in Maryland and no part of it is or ever bas been in Virginia.
 

 “Tbe petitioner bas paid without question a tax upon tbe income received by ber. But tbe doctrine contended for now is that tbe petitioner is chargeable as if she owned tbe whole. * * * But here tbe property is not within tbe State, does not belong to tbe petitioner and is not within ber possession or control. Tbe assessment is a bare proposition to make tbe petitioner pay upon an interest to which she is a stranger. This cannot be done.”
 

 It was held that tbe state of Virginia was without authority to assess taxes upon tbe corpus of tbe trust estate. In tbe instant case there is, of course, no attempt by Ohio authorities to tax tbe corpus of this trust, which is domiciled in Pennsylvania. If such were tbe fact, then the
 
 Brooke case
 
 might have some application; but, as indicated by tbe quotation from tbe opinion of Mr. Justice Stone in bis concurring opinion in
 
 Safe Deposit & Trust Co. of Baltimore
 
 v.
 
 Commonwealth of Virginia, supra;
 
 “Tbe Virginia assessment was levied against a trustee domiciled in Maryland upon securities held by it in trust in its exclusive possession and control there, and so is forbidden as an attempt to tax property without tbe jurisdiction.”
 

 We are of opinion that
 
 Brooke
 
 v.
 
 City of Norfolk, supra,
 
 bas no application to tbe instant case.
 

 Attention is called to tbe case of
 
 Lawrence
 
 v.
 
 State Tax Commission of Mississippi,
 
 286 U. S., 276, 52 S. Ct., 556, 76 L. Ed., 1102, tbe syllabus reciting, in part, as follows:
 

 “1. A State bas constitutional power to tax its own citizens on their net incomes though derived wholly from activities carried on by them outside of tbe State.
 

 
 *545
 

 “2.
 
 Domicile in itself establishes a basis for taxation.
 

 “3. Whether the tax in question is called an excise by the state court or a property tax, is not material in this case, since this Court, in passing on its constitutionality, is concerned only with its practical operation.”
 

 While it is urged that the above case and the case of
 
 Maguire
 
 v.
 
 Trefry, Tax Commissioner, supra,
 
 are not applicable because they relate to income taxes, we are of opinion that in principle such cases do apply and that the matter of nomenclature is not material.
 

 The equitable interest for life in the plaintiff in error, created by this trust, is a right enforceable at law, being of a personal nature, and has a situs at her domicile, which is in Hamilton county, Ohio. The question involved is one of situs rather than a question of particular species of tax which is to be levied.
 

 The court is of opinion that no constitutional right of the plaintiff in error is invaded in levying the tax herein, and that the courts below have given the proper interpretation and construction to Sections 5323, 5328-1, 5370, 5388, 5389 and 5638, General Code (114 Ohio Laws, 714), and to the constitutional provisions of the state and federal Constitutions relating thereto, and their judgment in the premises is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.