## Commonwealth ex rel. Martin, Commissioner of Revenue, v. Sutcliffe.

March 22, 1940.

Eugene Hubbard, Judge.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

Elbert H. Gary died a resident of New York on Aug. 5, 1927, and shortly thereafter his will was duly probated with the New York Trust Company, a corporation of New York City, qualifying as executor and trustee. The will devised the income on $300,000 for life to appellee, a grandson of testator, and upon his death the trustee was directed to divide the principal of the trust among his lawful issue, per stirpes. In the event no issue survived him, this trust fund reverted to testator's estate. The will gave the absolute control and management of the trust fund to the trustee and the beneficiary had no right whatsoever in it, except to receive the income therefrom during his life. There is a spendthrift clause in the will forbidding the beneficiary to assign, mortgage or charge the income payable to him from the trust; should he do so, a forfeiture results and the fund goes to certain residuary legatees.

Elbert Gary Sutcliffe, the beneficiary of this trust, became a resident of Kentucky in 1932, and never listed his life estate therein under the Kentucky Statutes levying an ad valorem tax of fifty cents on each $100 of personal property. The Commonwealth acting through its Commissioner of Revenue instituted this proceeding in the Jefferson County Court by filing a statement in which it alleged the appellee was the real and beneficial

owner of a life estate in the securities held in trust for him in the State of New York; that on July 1st of each year during appellee's residence in Kentucky his life estate in the trust acquired a taxable situs in Jefferson County, Kentucky; that the securities be valued as of July 1st of each year from 1928 to 1937, and that appellee's life estate therein be valued as of those dates under the Wigglesworth Mortality Table and assessed for taxation as omitted property since appellee had not listed it for taxation; that the Commonwealth recover the taxes, interest and penalties due thereon.

Appellee's answer contained a traverse followed by an affirmative plea that he became a resident of Jefferson County in September 1932; that under the terms of his grandfather's will set out in his answer, he has no custody or control over the trust fund and that the management and control of same is in his trustee; that his only interest in the trust fund is to receive the income therefrom during his life in the event he does not convey, assign, incumber or charge same; that he has paid to the Commonwealth each year he has been a resident thereof the income tax due it on the income he has received from this trust fund; that for the Commonwealth to levy an ad valorem tax on his life estate in this fund violates the Fourteenth Amendment to the Federal Constitution.

The Commonwealth's general demurrer to the answer was overruled and it appealed to the Jefferson Circuit Court where its general demurrer to the answer was again overruled; whereupon its statement was dismissed and this appeal followed. The sole question for determination by us is whether appellee's life estate in a trust created in New York, consisting of intangibles there located and held under the complete and absolute control of a trustee domiciled in New York, is subject to an ad valorem tax by the Commonwealth of Kentucky.

Appellant contends appellee's life estate in this trust is taxable under Section 4020, Kentucky Statutes, Baldwin's 1939 Supplement, which reads in part as follows:

"And, provided further, that the situs of intangible personal property for purposes of taxation shall be at the residence of the real or beneficial owner, and

not at the residence of the fiduciary or agent having the custody or possession of same.''

Section 4023, Kentucky Statutes, reads in part:

''The holder of the legal title, and the holder of the equitable title, and the claimant or bailee in possession of the property on the first day of July of the year the assessment is made, shall be liable for taxes thereon; but, as between themselves it shall be the duty of the holder of the equitable title to list the property and pay the taxes thereon, whether the property be in possession or not at the time of the payment.

''Provided, however, that an administrator, executor, trustee, committee, curator or agent residing in the state shall not be liable for taxes on intangible personal property, where the real or beneficial owner of such intangible personal property held by them, or any of them, reside outside of the state; * * *.''

The position of the appellant is that appellee as the beneficiary of this trust has an equitable right and interest therein distinct from its legal ownership, which equitable interest takes the situs of the beneficiary's domicile and is subject to the ad valorem tax which the Statutes of Kentucky levy on all personal property. The appellee contends Sections 4020 and 4023, supra, attempt to subject intangibles whose situs is without the boundary of Kentucky to an ad valorem tax laid by the statutes of Kentucky, therefore, these two sections contravene the Fourteenth Amendment to the Federal Constitution. It is further contended by appellee that should his life estate in the trust be held as having a taxable situs in Kentucky, nevertheless it is not that character of property which may be subjected to an ad valorem tax.

It is argued by appellant that Bingham's Adm'r v. Com., 199 Ky. 402, 251 S. W. 936, is controlling in the case at bar unless we now depart from the principles there enunciated. But we cannot see the applicability of the Bingham case since it holds that a trust fund consisting of intangibles owned by a person domiciled in Kentucky but managed and operated by a trustee domiciled in Florida is taxable in Kentucky. We think the

Bingham case is sound. Under the recent decisions of Curry v. McCanless, 307 U. S. 357, 59 S. Ct. 900, 906, 83 L. Ed. 1339, and Graves v. Elliott, 307 U. S. 383, 59 S. Ct. 913, 83 L. Ed. 1356, it was held ''there are many circumstances in which more than one state may have jurisdiction to impose a tax and measure it by some or all of the taxpayer's intangibles.'' The property sought to be taxed there is so different from the property sought to be taxed here that we find the Bingham case of little help to us. We must not lose sight of the fact that the property sought to be taxed here is not the intangibles located in New York comprising the trust created there, nor is it the income, speaking in a limited and narrow sense, but Kentucky is laying an ad valorem tax on appellee's life estate in these intangibles, after evaluating that life estate under the Wigglesworth Mortality Table, which life estate takes the situs of the beneficiary's domicile in Kentucky.

Appellant largely relies upon Maguire v. Trefry, 253 U. S. 12, 40 S. Ct. 417, 419, 64 L. Ed. 739, where a trust was created in Pennsylvania for the benefit of a resident of Massachusetts, and the court upheld a tax laid by Massachusetts upon the beneficial interest in the trust. In the opinion the court wrote:

''It is true that the legal title of the property is held by the trustee in Pennsylvania. But it is so held for the benefit of the beneficiary of the trust, and such beneficiary has an equitable right, title and interest distinct from its legal ownership. 'The legal owner holds the direct and absolute dominion over the property in the view of the law; but the income, profits, or benefits thereof in his hands, belong wholly, or in part, to others.' ''

Appellee argues this Maguire case is not controlling, contending the tax there levied was an income tax. But we do not regard it as an income tax, except in the technical and narrow use of the term, because Mr. Justice Day in writing that opinion said that the beneficiary has an equitable right, title, and interest in the trust. Since practically all that the beneficiary of a life estate in intangibles takes is the income therefrom, it is easy to confuse an ad valorem tax on such life estate with an income tax.

Much confidence is placed by appellant in Rowe v.

Braden, 126 Ohio St. 533, 186 N. E. 392, 395, where the question was whether or not Ohio had the authority to tax the beneficial interest of a resident beneficiary under a trust, the corpus of which was legally held in Pennsylvania. The court basing its decision on Maguire v. Trefry, supra, upheld the tax. Appellee urges this is another income tax case and seizes upon this expression in the opinion:

"Under whatever name the tax is designated, both in the case under consideration and the controlling case of Maguire v. Trefrey, Tax Commissioner, supra, all that was sought to be taxed was the equitable property interest, represented by income derived from the trust."

Certainly, the quoted sentence does not say this was an income tax. The opinion quotes the Ohio statutes under which this tax was laid and they show it was not an income tax. Such statutes provide for a tax on equitable interests, life and other limited estates in any investment or in any fund made up of such investments wherever located, and that investments held by a foreign fiduciary must be listed. This case gives considerable support to appellant's position.

We cannot agree with appellee that Safe Deposit & Trust Co. of Baltimore v. Com. of Virginia, 280 U. S. 83, 50 S. Ct. 59, 60, 74 L. Ed. 180, 67 A. L. R. 386, is decisive of the case at bar. In fact Mr. Justice Stone in his concurring opinion there seems to have foreseen the situation with which we are now confronted, and he drew a clear distinction between that case and the one now before us which arose ten years after he spoke. Rowe v. Braden, supra, followed Justice Stone's line of reasoning and did not apply the Safe Deposit case since the tax laid in the Safe Deposit case was on the trust res and not on the beneficial interest. In the Safe Deposit case a resident of Virginia transferred intangibles to a bank in Baltimore in trust for his two minor children, who were residents of Virginia, and who were to receive no income from the trust, but upon attaining the age of 25 years, each was to receive his one-half of the trust estate with accumulations. The trustor died without exercising his power of revocation, and Virginia sought to impose an ad valorem tax on the corpus of the trust. This was disallowed by the court as the legal title to the

intangibles was held in Maryland and no person in Virginia had a present right therein. Mr. Justice McReynolds in writing the opinion of the court said:

"The power of Virginia to lay a tax upon the fair value of any interest in the securities actually owned by one of her resident citizens is not now presented for consideration. See Maguire v. Trefry, supra."

Mr. Justice Stone in his concurring opinion wrote:

"But the question whether the Fourteenth Amendment forbids a tax on the beneficiaries, in Virginia, where they are domiciled, measured by their equitable interests, seems to me not to be presented by the record, and so, under the settled rule of decision of this court ought not now to be decided. * * *

"If the question were here I would not be prepared to go so far as to say that the equitable rights in personam of the beneficiaries of the trust might no have been taxed at the place of their domicile quite as much as a debt secured by a mortgage on land in another jurisdiction, notwithstanding the fact that the land is also taxed at its situs."

Mr. Justice Holmes in dissenting wrote: "The equitable owners of the fund were in Virginia and I think they could be taxed for it there."

Com. v. Appalachian Electric Power Co., 159 Va. 462, 166 S. E. 461, cited by appellee sheds no light on the question we have for decision. The power company domiciled in Virginia transferred certain bonds to a New York bank as trustee to secure a loan under an agreement that the trustee should be the absolute owner thereof for all purposes until the loan was paid. When Virginia attempted to lay a tax on these bonds the power company contended they were not owned by it, and that even if they were, the bonds were in New York and had no taxable situs in Virginia. It was held in Farmer's Loan & Trust Co. v. Minnesota, 280 U. S. 204, 50 S. Ct. 98, 74 L. Ed. 371, 65 A. L. R. 1000, and First National Bank of Boston v. State of Maine, 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. 313, 77 A. L. R. 1401, that intangibles may be so used in a state other than that of the owner's domicile as to give them a situs similar to

that of tangible personal property. The fiction of mobilia sequuntur personam will not be applied where to do so would result in a patent injustice, or in double taxation, Safe Deposit & Trust Co. v. Virginia, supra. It will be noted that in this power company case Virginia was attempting to tax the bonds themselves which had acquired a business situs in New York. This the court held it could not do.

In Mayor and City Council of Baltimore v. Gibbs, 166 Md. 364, 171 A. 37, 40, appellee has a case directly in point and should we accept it as laying down the proper rule, this controversy must terminate in his favor. There, the owner of the corpus of a trust fund who resided in Baltimore conveyed the fund to a trust company in Pennsylvania, reserving the income therefrom to herself for life with remainder over. The City of Baltimore had her life estate in the fund valued under a mortality table and levied a tax on the value thereof as shown by the table. The court held the tax violated the Fourteenth Amendment of the Constitution, saying the tax could not be distinguished from a tax on the corpus which was held unconstitutional in the case of Safe Deposit & Trust Co. v. Virginia, supra. In reviewing Maguire v. Trefry and Rowe v. Braden, supra, the Maryland court considered the tax levied in those cases as an income tax. As we see it, the error the court fell into was in failing to distinguish a tax laid on the life estate in a foreign trust of intangibles, from a tax laid on the corpus of such trust, as was so plainly pointed out in the Safe Deposit case by both Mr. Justice McReynolds and Mr. Justice Stone in their separate opinions. For the reasons heretofore set out, we must disagree with the Gibbs case that the tax levied in Maguire v. Trefry and in Rowe v. Braden, supra, was an income tax.

In this Gibbs case it was written:

"Either income or principal must be the subject of the tax. There is no third or middle ground for taxation between the two, and the process adopted for valuing the appellee's interest is plainly one for reconverting the income to a share in ownership of the principal."

Why should this so-called third estate not be carved out of this trust fund, and what sound reason can be ad-

vanced against so doing? It can hardly be denied that appellee's life estate in the trust fund created by his grandfather is valuable property. Curry v. McCanless, supra, holds the power to dispose of intangibles is a potential source of wealth and is taxable. As this is so, then the right to receive income from intangibles is more than potential wealth, it is real wealth, and is likewise taxable.

Certainly there is nothing new or novel in the business world or in legal science in dividing one property into several estates and taxing each. The owner of the fee in land in this state may carve several estates out of it by executing a lease for oil, a lease for coal, a lease for gas; and he may even carve out a cave estate therein. Cox v. Colossal Cavern Co., 210 Ky. 612, 276 S. W. 540; Kincaid v. McGowan, 88 Ky. 91, 4 S. W. 802, 9 Ky. Law Rep. 987, 13 L. R. A. 289. Each estate so carved out of the fee in land is subject to an ad valorem tax, but when such estates revert to the owner of the surface, or when the owner of the surface and the owner of the various mineral estates is one and the same, then there is only one estate and only one ad valorem tax can be assessed, since the owner of the fee owns the entire property, which includes all estates therein. Raydure v. Board of Sup'rs of Estill County, 183 Ky. 84, 209 S. W. 19; Com. v. Elkhorn Piney Coal Mining Co., 241 Ky. 245, 43 S. W. (2d) 684. It cannot be logically argued that such carving of special estates out of property applies only to land. In Safe Deposit & Trust Co. v. Virginia, supra, it is said a mortgage on land may be taxed while the land itself is subject to a different tax. Curry v. McCanless, supra, points out that the capital stock of a corporation is taxable by the state creating it, yet when that capital stock is divided into innumerable shares, as oftentimes occurs, such shares are taxable in the domiciles of the various shareholders.

Here the trustor carved a separate and independent estate, or interest, out of these intangibles in the form of a life estate to his grandson, and provided the trustee should hold the corpus of the fund but that the income therefrom should be paid the beneficiary for life. Such life estate under Section 4020 of the Kentucky Statutes has its situs in Kentucky, the domicile of the beneficiary, and section 4023 imposes the duty upon the holder of the

equitable title (here the beneficiary or owner of the life estate) to list and pay the tax thereon. These two sections do not violate the Fourteenth Amendment to the Federal Constitution by placing Kentucky's ad valorem tax on intangibles situated without the jurisdiction of the state.

The judgment is reversed for proceedings consistent with this opinion.

Whole court sitting.

Judge Fulton dissenting.