# Commonwealth ex rel. Reeves, Com'r of Revenue, v. Sutcliffe.

Oct. 17, 1941.

Smith & Leary, J. J. Leary and Henry S. Chesnut for appellant.

Millard Cox for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is the second appeal of this case. Our opinion on the first one is reported in 283 Ky. 274, 140 S. W.

(2d) 1028, 1033. A consulting of it will reveal the nature of the case and, of course, the questions involved as well as our determination of them. It will be found that the action is a statutory one for the assessment of omitted property for ad valorem taxes which the commonwealth by its appropriate officers sought to collect by enforcing an assessment of the property right claimed to be owned by appellee for all years within the period of limitation for which such delinquencies may be corrected. The statement filed with the county court of Jefferson county—where defendant then and now resides—described the alleged omitted property as the right of appellee to obtain throughout his life the net income from a large trust fund created by his grandfather's will for his benefit. The corpus of the trust was and is located in the state of New York and the trustee is a resident of that state. The county court of Jefferson county declined to assess the property on the ground that it was nonassessable against appellee; but whether its judgment was based exclusively upon the theory that the right sought to be assessed was without taxable situs in this jurisdiction, or, if it were, that it had no market value, the record does not disclose. On appeal by the Commonwealth to the Jefferson circuit court it also declined to assess the right sought to be taxed and dismissed the action, followed by an appeal to this court, and later by our opinion supra, reversing that judgment. Our opinion closed by saying: "The judgment [of the circuit court] is reversed for proceedings consistent with this opinion."

Upon filing the mandate of this court in the circuit court the presiding judge thereof announced that he would hear evidence as to the value of defendant's right to the income provided for him in his grandfather's will, and placed the burden upon the commonwealth (appellant) to prove its value. It declined to introduce proof on that issue, since it had stated in its original statement or pleading filed in the Jefferson county court that the value of the right sought to be taxed should be estimated according to the Wigglesworth Mortality Tables for the valuation of life estates which capitalizes the income received by appellee each of the years that he omitted to assess his right, based on his age at that time. The commonwealth, therefore, stood on its contention that the valuation of the right sought to be taxed by it could be arrived at in no other

manner than the one it insisted upon, and for which reason it declined to introduce proof on the issue of valuation. As will be seen from our first opinion, the will creating the trust and bestowing upon appellee the right sought to be taxed, prescribed, in substance, that if he should sell, assign or in any wise encumber his right, then it "shall thereby and thereupon be forfeited," followed by a substituted provision of disposal.

Section 172 of our Constitution in providing for the valuation of property for ad valorem taxes prescribes that it "shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale." The court was of the opinion that the will creating the right in this case, having provided for a forfeiture of it if it should be sold by the beneficiary, the alleged omitted property possessed no market or cash value, or, at any rate, no more than a nominal one because if it was sold by the beneficiary it was thereby extinguished. However, he heard proof as to its value as encumbered by the forfeiture provision and then assessed the right at $100 a year for all the years covering the delinquency and which were not barred by the statute of limitations. From that judgment the commonwealth prosecutes this appeal.

In disposing of it there can be but two questions— (1) whether or not our first opinion, by necessary implication at least, determined and adjudged the proper method of valuation which was in accord with the one contended for by the appellant, and (2) in the absence of any former adjudication by this court, does the constitutional provision referred to prevail or apply in a case like this when the owner of the property sought to be taxed is forbidden to sell it upon pain of forfeiture? We will discuss and determine those questions in the order named.

1. Our first opinion sets out the substance of the statement filed by appellant in the Jefferson county court. After setting out the nature of the right, how it was created, and its encumbrance with the spendthrift clause providing for forfeiture, it then says: "and that appellee's life estate therein be valued as of those dates under the Wigglesworth Mortality Table and assessed for taxation as omitted property since appellee had not listed it for taxation; that the Commonwealth recover

the taxes, interest and penalties due thereon.'' Further along in the opinion we said: ''We must not lose sight of the fact that the property sought to be taxed here is not the intangibles located in New York comprising the trust created there, nor is it the income, speaking in a limited and narrow sense, but Kentucky is laying an ad valorem tax on appellee's life estate in these intangibles, after evaluating that life estate under the Wigglesworth Mortality Table, which life estate takes the situs of the beneficiary's domicile in Kentucky.''

In these statements we not only pointed out the nature of the right sought to be taxed, but likewise pointed out in the last inserted one the method to be employed in arriving at its valuation for taxation, which was that prescribed by the Wigglesworth Mortality Table in estimating the value of appellee's life estate. Further along the opinion also said: ''It can hardly be denied that appellee's life estate in the trust fund created by his grandfather is valuable property. Curry v. McCanless, supra [307 U. S. 357, 59 S. Ct. 900, 83 L. Ed. 1339, 123 A. L. R. 162], holds the power to dispose of intangibles is a potential source of wealth and is taxable. As this is so, then the right to receive income from intangibles is more than potential wealth, it is real wealth, and is likewise taxable.''

Other expressions to be found in the opinion are to the same effect and clearly indicate our conclusion that the taxable value of the right here sought to be taxed was not to be affected by the forfeiture clause in the will creating the trust nor to the appellee's beneficial right thereunder so long as he did not forfeit it by his voluntary transfer. Indeed, we had no other question before us on the first appeal than a life interest *so encumbered* with the forfeiture clause. But, notwithstanding that forfeiture provision we said the right was a valuable one, and creating real wealth and as such was and is likewise taxable. Therefore, in reversing the judgment we not only held that it was taxable in this jurisdiction as the commonwealth had averred in its pleading, but we also determined that it should be valued according to the Wigglesworth Mortality Table, as would be true with any unqualified life estate. Any other interpretation of our former opinion would render it fallacious and futile, since if the right sought to be taxed has no value whatever, then it does not become

taxable because taxes are exclusively levied upon value. It is, therefore, clear that the substance of our first opinion was (a) that the right involved is taxable in this jurisdiction, and (b) that its valuation should be fixed according to the method provided for estimating the value of an unqualified life interest, eliminating from all consideration the forfeiture provided in the trustor's will. Consequently, the trial court failed to follow our determinations and conclusions contained in the former opinion in rendering the judgment appealed from.

2. But, independently of our former opinion, we do not agree with the argument of counsel for appellee whereby it is insisted that the right sought to be taxed herein has no value because, on account of the forfeiture clause, it could not be sold by the beneficiary, and, therefore, possessed no market value. To construe that section as counsel for appellee insist would result in exempting from taxation all life beneficiaries in valuable property where the title of the owner to it was subject to forfeiture if he should transfer it to another. The intention as expressed in Section 172 of our Constitution was to evaluate the property for taxation according to its fair cash value, *if* the purchasers could or would obtain by his purchase *the same* interest held by the seller, and would also obtain thereby all of the rights of the seller. The life interest here is, of course, personal property, but the principle contended for, if adopted, would also exempt from taxation all interest in any property where the title was held with an attached forfeiture clause if the property should be sold. Not only would a method thereby be provided whereby valuable property rights would escape taxation, but it would also violate the real intended application and purpose of Section 172 of our Constitution supra, since it intended for the assessed valuation to be made according to the fair cash value of the property proposed to be assessed at the price it would bring at a fair voluntary sale and when the seller could transfer his title without destroying the property itself. Such provisions with reference to assessment values for taxation are interpreted to mean "the highest price the property would bring, *free of encumbrances,* at a fair and voluntary private sale thereof for cash." (Our emphasis.) The excerpt is from the text in 61 C. J. 639, Section 789, and to it many cases are cited in the notes. The interpretation

contended for by appellee's counsel would also insert in Section 170 of the Constitution as an exemption from taxation a species of property not therein contained. We, therefore, conclude that the court erred in not assessing the property according to the methods provided by the Wigglesworth Mortality Table as prayed for in appellant's original pleading filed in the Jefferson county court.

Wherefore, for the reasons stated, the judgment is reversed, with directions to assess the property for the respective delinquent years involved as herein indicated, and for other proceedings not inconsistent with this opinion.