## Commonwealth v. Whitelaw.

### June 4, 1946.

Samuel M. Rosenstein and Smith & Leary for appellant.

Charles W. Milner and Bullitt & Middleton for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Appellee, Arthur K. Whitelaw, is a former Vice-President of the Standard Oil Company of Kentucky. By arrangement with the Metropolitan Life Insurance Company, the Oil Company procured an annuity for all of its employees. Under the plan adopted, each employee pays a portion of the premium each month, and the Oil Company contributes the balance. It so happened that Mr. Whitelaw retired and became entitled to his annuity payments immediately upon procuring the policy, and the premium for his annuity was paid in a lump sum. By the terms of the annuity, Mr. Whitelaw, since July 1, 1931, has been receiving, and for the balance of his life will receive, the sum of $1875 per month. The Commonwealth in this action is seeking to collect ad valorem taxes on Mr. Whitelaw's rights under the annuity contract.

Similar cases have been before this Court on several occasions. Commonwealth v. Nute, 115 Ky. 239, 72 S. W. 1090; Commonwealth v. Sutcliffe, 283 Ky. 274, 140 S. W. 2d 1028; Button et al. v. Hikes, 296 Ky. 163, 176 S. W. 2d 112, 150 A. L. R. 779; Evans v. Boyle County Board of Supervisors, 296 Ky. 353, 177 S. W. 2d 137; County Board of Tax Supervisors of Jefferson County et al. v. Helm, 297 Ky. 803, 181 S. W. 2d 452; and Button et al., etc., v. Drake, 302 Ky. 517, 195 S. W. 2d 66. In all of these cases, except Button et al. v. Hikes, supra, the Court held the property involved to be subject to ad valorem taxation. In Button et al., etc., v. Drake, supra, the decision in Button v. Hikes, supra, was overruled, and the principles announced in the other cases were approved. Since the reason for our decisions are fully set forth in the opinion in the Drake case, we will not iterate them here, but will refer the reader to the opinion in that case.

In addition to the contentions of the taxpayer in the Drake case, counsel for Mr. Whitelaw argue that he should be exempt from taxation upon the theory that the property sought to be taxed is a pension. We are not

impressed with this contention. Without expressing an opinion in respect to the power of the Commonwealth to tax rights of pensioners, the contention of appellee cannot be upheld, because the annuity contract merely was purchased from the proceeds of a retirement fund. The annuity contract is no less property subject to taxation than any other property in which the proceeds of a pension or retirement fund might have been invested. Had the proceeds been invested in income producing real estate or other forms of property, such as stocks, bonds, or the like, the mere fact that the property had been purchased by proceeds of a pension or retirement fund would not constitute grounds for exemption from taxation. The Standard Oil Company's obligation to Mr. Whitelaw has been met fully. The Metropolitan Life Insurance Company's obligation to him is the same as its obligation to any other annuitant under contract with the Insurance Company.

Another question is raised that was not presented in the Drake case. The Commonwealth contends that the property should be assessed in accordance with appellee's expectation of life as computed in mortality tables. Appellee contends that, if taxable at all, it must be assessed upon evidence as to what the contract would bring at a fair voluntary sale. This question has been determined adversely to appellee's contention in Commonwealth v. Nute, supra; Commonwealth v. Sutcliffe, 287 Ky. 809, 155 S. W. 2d 243; Evans v. Boyle County Board of Supervisors, supra; and County Board of Tax Supervisors of Jefferson County et al. v. Helm, supra. In the Evans case, we said (296 Ky. 353, 177 S. W. 2d 139): "We again conclude that the use of the mortality tables is the only feasible and practicable solution of the problem and is the only method by which even a fair degree of uniformity in the taxation of such property may be secured. As indicated above, we think this conclusion does no violence to the Constitution, certainly no violence to its spirit."

This method of assessing rights under annuity contracts has been approved by this Court for forty-two years. We see no reason to depart from the reasoning in respect to this subject contained in the opinions recited above. It is not remiss to call attention to the fact that the agreed purchase price of appellee's annuity

was fixed in accordance with actuarial figures based upon mortality tables.

But, in view of the previous uncertainty of the law on the subject, as shown by the opinions heretofore reviewed, and considering all the facts and circumstances, we are of the opinion that the rule pronounced in Franklin County Court v. Louisville & N. R. Co., 84 Ky. 59, 7 Ky. Law Rep. 810; Commonwealth, to Use of Marion County, v. Louisville & N. R. Co., 89 Ky. 134, 9 S. W. 805, 12 Ky. Law Rep. 49; and Payne v. City of Covington, 276 Ky. 380, 123 S. W. 2d 1045, 122 A. L. R. 321, should be applied to the decision in this case. We therefore hold that this decision shall be given prospective effect only. For this reason alone, the judgment is affirmed.