**HUMPHREY, Plaintiff-Appellant, v. HENDERSON et,. Defendants-Appellees.**

Ohio Appeals, Seventh District, Mahoning County.
No. 3338. Decided March 30, 1950.

Joseph L. Heffernan, Henry C. Church, Youngstown, Herschel Kriger, Canton, for plaintiff-appellant.

H. H. Hunt, Law Director, I. Freeman and P. Richard Schumann, Asst. Law Directors, Youngstown, for defendants-appellees.

**OPINION**

By PHILLIPS, PJ.

Acting in accordance with the provisions of §4314 GC, plaintiff filed a taxpayer's suit in the court of common pleas. In that action he sought to enjoin the City of Youngstown, a municipal corporation operating under a home rule charter

of its own adoption, its mayor and finance director permanently from enforcing and collecting an income tax levied under its ordinance 49349, allegedly passed as an emergency measure by its council.

In his amended petition plaintiff alleged that the passage and enforcement of that ordinance was an abuse of the corporate powers of that city, unconstitutional and void for the following reasons:—

"1. Said tax ordinance is illegal for the reason that the constitution of the State of Ohio grants the State of Ohio the exclusive right to levy an income tax and said tax ordinance is an unlawful invasion of the sovereign power of the State of Ohio.

"2. Said tax ordinance is illegal because it is discriminatory as between wage earners employed in Youngstown and other taxpayers. Wage earners employed in Youngstown are deprived of their tax payments on each payday whereas other taxpayers pay said tax quarterly and have the use of said funds during the intervening periods.

"3. Said income tax ordinance illegally creates a new division or office in the government of said city, to wit: The Board of Review as provided by Section 12 of said ordinance without the same having been approved by the electors of the said city at a referendum election in contravention of Section 88 of said Charter.

"4. Said income tax ordinance illegally delegates to the City Council the appointment of an administrative official, to-wit: The one member of the Board of Review established in Section 12 of said ordinance in violation of Section 5 of said Charter and illegally delegates to two members of said Board of Review the appointment of a third member of said Board of Review. The appointment of said members of said Board of Review being properly an administrative duty of the Mayor or the Director of Finance pursuant to said Charter and the laws of the State of Ohio.

"5. Said income tax ordinance illegally delegates to the said Board of Review the duties of the City Council to fix the rate of tax to be assessed and the Director of Finance to collect such tax in that it permits the said Board of Review to reverse or modify the decisions of the Director of Finance in regard thereto and thus in effect allow said Board of Review to be the final arbiter of the rate and collection of such tax in those circumstances when complaint is made to it."

The trial judge found, as stated in the following entry spread upon the journal of that court:—

"'This cause came on to be heard on the pleadings, evidence and briefs and the court upon due consideration thereof finds on the issues joined in favor of defendants.

"The court further finds that Ordinance No. 49349, passed by Council of the City of Youngstown on June 7, 1948, enacting a city income tax, does not unlawfully invade the sovereign power of the State of Ohio and is not in conflict with **Article XII, Secs. 8** and **9, of the Constitution of Ohio,** in that the State of Ohio has not enacted an income tax and, therefore, has not pre-empted said field of taxation.

"That said tax is not discriminatory as between wage earners employed in Youngstown and other tax payers.

"That said ordinance does not create a new division or office in the Government of the City of Youngstown in contravention of Sec. 88 of the Charter of the City of Youngstown, requiring the approval of the electors of the City of Youngstown, in that the Board of Review is merely ancillary to the Director of Finance and was created for the purpose of assisting the Director of Finance in the handling of the detail incident to the assembling of information and date necessary to the collection of the tax.

"That said ordinance does not illegally delegate to City Council the appointment of an administrative official, in that the Board of Review is merely an agency created for the principal purpose of assisting the Director of Finance in the collection of the tax.

"That said ordinance does not illegally delegate to the Board of Review the duties of City Council to fix the rate of tax, in that the Board of Review has no authority to fix the rate of tax, but merely assists the Director of Finance in determining the correct amount of the tax.

"The Court further finds that said Ordinance No. 49349, passed by Council of the City of Youngstown on June 7, 1948, is valid in all respects and that the City of Youngstown has the legal right to collect and use the income tax provided in said ordinance in the manner provided therein.

"It is, therefore, ordered, adjudged and decreed that plaintiff's petition be and hereby is dismissed, and that judgment is hereby awarded to the defendants and against plaintiff for the costs taxed herein.

"Exceptions are allowed to the plaintiff."

In the interest of accuracy in reporting his contention we quote from plaintiff's brief "the questions of law raised on appeal by the assignments of error and to be decided by this court are as follows:—

"(a) Has the City of Youngstown power to levy a municipal income tax?

"(b) Is the method of tax collection provided by the ordinance discriminatory as between wage-earners employed within the City of Youngstown and other taxpayers?

"(c) Can the City of Youngstown establish by ordinance the Board of Review provided by Section 12 of the Ordinance, and proceed to collect the tax without approval of the ordinance by referendum of the electors of the City of Youngstown?

"(d) Does the method of appointment of two members of the Board of Review provided by Section 12 of the ordinance comply with requirements for appointment of administrative officials as set forth in the Charter of the City of Youngstown?

"(e) Do the provisions of Section 2 and Section 12 of the ordinance, whereby the Board of Review is authorized to establish the taxation formula and to reverse or modify decisions of the Director of Finance in regard to the income tax, constitute an unlawful delegation of the duties of the City Council to fix the rate to be assessed, and of the Director of Finance to collect such tax, as required by statute and by the Charter of the City of Youngstown?"

As admitted by plaintiff's counsel by brief "the facts in the case are undisputed, and have been stipulated by the parties to the action. Both the ordinance and the charter of the City of Youngstown are part of the record." Accordingly no separate statement of facts will be made as they will be referred to as disposition is made of the questions presented.

As applicable in this appeal **Article XII, Sections 8 and 9, of the Constitution of Ohio** provides respectively:—

"Laws may be passed providing for the taxation of incomes, and such taxation may be either uniform or graduated, and may be applied to such incomes as may be designated by law * * *.

"Not less than fifty per centum of the income and inheritance taxes that may be collected by the state shall be returned to the county, school district, city, village, or township in which said income or inheritance tax originates * * *."

**Article XVIII, Section 13, of the Constitution of Ohio** provides in part:—

"Laws may be passed to limit the power of municipalities to levy taxes * * *."

In the exercise of its sovereign power the state could have provided, but did not provide, by law for the levy and collection of income taxes even without specific quoted constitutional authority, and until it does it has not pre-empted that field of taxation; and the City of Youngstown has power to enact such a tax, if not, and we find it was not, contrary to the provisions of its charter. The failure of the State of Ohio to pre-empt that field does not bar the right of the city from entering that field.

"The power of a municipality to adopt an excise exists so long as the state has not invaded or pre-empted this particular field by passing a law providing for the same kind of excise." **State v. Sherrill, 142 Oh St 574 at 588.**

Also see **State v. Carrell, 99 Oh St 220; Globe Security and Loan Co. v. Carrel, 106 Oh St 43; Cincinnati Oil Works v. City of Cincinnati, 40 Oh Ap 8,** affirmed in **123 Oh St 448; City of Cleveland v. Ruple, 130 Oh St 465;** 6 McQuillin Municipal Corporations, section 2532; **Marion Foundry v. Landes, 122 Oh St 166;** and **Angell, Appellant, v. City of Toledo, et al, Appellees, 153 Oh St 179.**

Assuming that the ordinance distinguishes between different classes of taxpayers in the collection of the tax imposed unless such distinction is unreasonable it does not become an arbitrary one. The evidence discloses no discrimination between taxpayers of the same class, but discloses that the principle applied in the ordinance essentially is no different than that approved in federal legislation relating to imposition and collection of income taxes.

As shown by the evidence the board of review in no sense is "a new department, division nor office" within the meaning of Section 88 of the Charter of the City of Youngstown; accordingly its creation does not require the approval of a referendum vote. As found by the trial court it was created for the purpose of assisting the director of finance in the disposition of the details incident to assembling information and data essential to the collection of such taxes. Such board is merely his agent for that purpose. It does not fix the rate, levy nor collect such taxes; which dis-

poses of errors three, four and five. In our opinion the provisions of Sections 2 and 12 of the ordinance do not constitute an unlawful delegation to any administrative official of the duties of the Council of the City of Youngstown and Director of Finance in the respects claimed by plaintiff. See Ohio Tax Cases, 232 U. S. 576; **State ex rel Struble v. Davis, 132 Oh St 555, 8 Ohio Opinions 552**; Board of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527, 75 L. Ed. 1248.

Careful consideration of the facts submitted to us for review, and the law applicable thereto, compels us to conclude that Youngstown City Ordinance Number 49349 is a valid ordinance; and that defendant, City of Youngstown, has the legal right to collect and use the income tax provided in such ordinance in the manner provided therein.

We have given the challenging and important questions presented by plaintiff's appeal careful consideration, and conclude that the evidence was of such a nature as to warrant the trial judge in dismissing plaintiff's petition and overruling his motions "for judgment non obstante veredicto" and for a new trial.

We are impressed by the conclusion reached by counsel for defendant as stated in its brief, which we quote:—

"The State has passed no law pursuant to its power under the Constitution providing for the taxation of incomes. The income tax imposed by the ordinance is in accordance with the principle repeatedly stated and restated by the Supreme Court, that a municipality has the inherent power of taxation as an incident of sovereignty and local self-government in a field not preempted by the State. The judgment of the lower court is founded on this principle.

"As to the fairness and reasonableness of the tax, we quote from the Chief Justice of Massachusetts, followed by the Hamilton County Court of Appeals in **Rowe v. Braden, 44 Oh Ap 397 at 401** and by the U. S. Supreme Court in Maguire v. Trefry, 253 U. S. 12, 64 L. Ed. 739 at 750:

" 'The income tax is measured by reference to the riches of the person taxed actually made available to him for valuable use during a given period. It establishes a basis of taxation directly proportioned to ability to bear the burden. It is founded upon the protection afforded to the recipient of the income by the government of the commonwealth or his residence in his person, in his right to receive the income, and in his enjoyment of the income when in his possession. The government provides for him all the advantages of living in safety and of freedom, and of being protected by law.

It gives security to life, liberty and the other privileges of dwelling in a civilized community. It exacts in return a contribution to the support of that government, measured by and based upon the income, in the fruition of which it defends him from unjust interference.' "

We cannot close this opinion without respectfully calling the attention of counsel to the most recent decision of the supreme court made in the case of **Angell v. City of Toledo,** reported in **153 Oh St 179.**

The judgment of the court of common pleas is affirmed.

NICHOLS, J, concurs in judgment.